869 So.2d 414 (2004)
Lajuane PORTER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01817-COA.
Court of Appeals of Mississippi.
January 6, 2004.
Rehearing Denied March 30, 2004.
*416 David G. Hill, Oxford, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorneys for appellee.
Before McMILLIN, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Lajuane Porter was found guilty in the Circuit Court of Marshall County of aggravated assault. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Porter appeals and raises the following issues.
ISSUES PRESENTED
I. Did the trial court err by allowing the State to admit evidence of Porter's prior conviction of simple assault?
II. Did the trial court err by allowing the State to use Porter's prior conviction in violation of Uniform Rules of Circuit and County Court Practice 9.04?
III. Did the trial court err by allowing the State to admit evidence of Porter's character as to his temper and his participation in anger management classes?

STATEMENT OF FACTS
¶ 2. It is undisputed that on June 30, 2001, Lajuane Porter shot Kirby Dajuane Cummings as Cummings approached Porter in the driveway at the home of a mutual friend, Kendrick Rankin. Two disputed factual issues arose during Porter's trial. One disputed fact was the previous animosity that existed prior to the shooting between Cummings and Porter. Cummings denied the animosity while Porter testified to several prior threats by Cummings.
¶ 3. The second disputed fact involved Porter's defense. Porter testified that he shot Cummings in self-defense, believing that Cummings was reaching in his pocket to pull out a gun. Cummings testified that he was not carrying a gun at the time of the shooting. Other than the two factual disputes, the remainder of the factual scenario was uncontested.
¶ 4. Cummings stated that he stopped by the home of Kendrick Rankin to get some money that Cummings loaned to Rankin. Cummings testified that he and Rankin were outside the house in the driveway talking to each other when he heard a "gun pop or something." Cummings stated that he turned around and Porter was pointing a gun in the direction of him and Rankin. Cummings stated that Porter told him that he heard Cummings had called him a "player hater." Cummings replied that he had not called Porter a "player hater." Cummings stated that Porter said he did not like Cummings anyway and started shooting.
¶ 5. Relying on the theory of self-defense, Porter testified that he and Cummings were not on good terms at the time of the shooting. Porter stated that the two had never been friends and that Cummings had been threatening him for several *417 months. Porter testified that Cummings once told him at a gas station that he was "going to peel Porter's cap," meaning cause harm to Porter. Porter testified that he was already at Rankin's home sitting in his car listening to music when Cummings arrived. Both Cummings and Porter stated that Porter's car was parked in front of Cummings' truck in the driveway. Porter testified that he had a .45 caliber handgun in his possession while he was at Rankin's house. Porter stated that he carried the gun for protection. Porter stated that he saw Cummings pull into Rankin's driveway and start talking to Rankin. Porter stated that he again heard Cummings say that he was "going to peel Porter's cap." Porter stated that after Rankin and Cummings whispered and laughed awhile, Cummings approached him and motioned like he was pulling something from his waistband. Believing that Cummings was reaching for a weapon, Porter shot Cummings three times and left the scene.
¶ 6. After hearing all the testimony in the case, the jury found Porter guilty of aggravated assault in violation of Mississippi Code Annotated Section 97-3-7(2)(b). Porter was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Porter now appeals his conviction and sentence and seeks reversal from this Court. Porter raises numerous evidentiary issues which this Court consolidates in order to better address each issue.

LEGAL ANALYSIS

I. DID THE TRIAL COURT ERR BY ALLOWING THE STATE TO INTRODUCE EVIDENCE OF PORTER'S PRIOR CONVICTION OF SIMPLE ASSAULT?
¶ 7. Porter raises several issues concerning the admission of his prior criminal conviction for simple assault/domestic violence. Porter asserts that the trial court erred by allowing the State to introduce, over defense counsel's objection, Porter's prior criminal conviction for simple assault/domestic violence for the purpose of impeachment. Porter argues that Rule 609(a)(1)(B) of the Mississippi Rules of Evidence prohibits the introduction of such evidence. Porter also asserts that the trial court abused its discretion by ruling that the probative value of the prior crime substantially outweighed the prejudice to Porter under Rule 403 and therefore permitted the State to introduce the prior crime to impeach Porter.

A. Admission of the Prior Conviction under 609(a)(1)(B)
¶ 8. The admissibility of evidence is within the discretion of the trial court, and absent abuse of that discretion, the trial court's decision on the admissibility of evidence will not be disturbed on appeal. McCoy v. State, 820 So.2d 25, 30 (¶ 15) (Miss.Ct.App.2002). When the trial court stays within the parameters of the Rules of Evidence, the decision to exclude or admit evidence will be afforded a high degree of deference. Id. Also, "the admission or exclusion of evidence must result in prejudice or harm, if a cause is to be reversed on that account." Id.
¶ 9. Porter argues in his appellate brief that Rule 609(a)(1)(B) precludes the State from introducing Porter's prior conviction for the limited purpose of impeachment. Porter asserts that his prior conviction does not meet the threshold requirement of Rule 609(a)(1)(B) which requires that the crime be "punishable by death or imprisonment in excess of one year." M.R.E. 609(a)(1)(A). Porter's prior offense was simple assault, and according to the applicable statute, the punishment was a "fine of not more than five hundred *418 dollars or by imprisonment in the county jail for not more than six months, or both." Miss.Code. Ann. § 97-3-7(1)(c) (Rev.2000).
¶ 10. As the State properly indicates, the prior conviction of Porter was admitted before Porter testified. The following colloquy occurred on cross-examination of Officer Novay, a witness for the State, who investigated the shooting:
Defense Counsel: He [Porter] never had any run-ins with the law, has he?
Officer Novay: I did not know him [Porter] prior to that night.
Counsel: He's never been arrested by the Byhalia P.D., has he, that you knew about?
Novay: That I knew about or that I know about?
Counsel: That you knew at that time.
Novay: At that time, no.
¶ 11. The following occurred on re-direct of Officer Novay by the district attorney.
District Attorney: Now, he [defense counsel] asked you about Mr. Porter, any problems he's had with law enforcement. Let me show you thisthis Arrest Report which indicatesis this a copy of Lajuane Porter's Arrest Report?
Officer Novay: For that particular night, yes, sir.
District Attorney: This has got him at age 29, 5-3, 145. Did you check for prior history on him?
Novay: Yes, I did.
District Attorney: Okay. What'd you find?
Novay: Simple Assault dated August of '99.
District Attorney: August 28, '99?
Novay: Yes, sir.
District Attorney: He had a simple assault charge?
Novay: Yes, sir.
¶ 12. While Porter is correct in his statement of Rule 609(a)(1)(B), the first instance of Porter's prior conviction being admitted was during re-direct of Officer Novay. The conviction was not first used to impeach which makes Rule 609 inapplicable in that situation. Porter's attorney asked Novay about Porter's prior criminal activity on cross-examination. Porter now complains about the actions taken by the district attorney to rebut the evidence presented on cross-examination.
¶ 13. Even if the evidence offered is otherwise inadmissible, one party may open the door to its admission. Crenshaw v. State, 520 So.2d 131, 133 (Miss. 1988); Washington v. State, 726 So.2d 209, 216 (¶ 34) (Miss.Ct.App.1998). It has been previously stated by our courts, "if a defendant opens the door to line of testimony, ordinarily he may not complain about the prosecutor's decision to accept the benevolent invitation to cross the threshold." Kolberg v. State, 829 So.2d 29, 56 (¶ 56) (Miss.2002) (citing Randall v. State, 806 So.2d 185, 195 (Miss.2001)). Once Porter's attorney opened the door by asking Officer Novay whether Porter had been arrested prior to his trial on aggravated assault, the State was free to rebut that with proof of Porter's prior conviction for simple assault. We conclude that the line of questioning by Porter's attorney on cross-examination of Officer Novay opened that door for the State's questions on re-direct.
¶ 14. Porter is also procedurally barred from raising this issue on appeal because no objection was made by defense counsel when the State asked about the prior conviction on re-direct of Novay. It was only later the next day that Porter's trial counsel made an objection to the admission of evidence that had already been presented by oral testimony. Counsel must make a contemporaneous objection *419 when a witness gives objectionable testimony so that the trial judge has the opportunity to correct the error and properly instruct the jury. Alford v. State, 760 So.2d 48, 52 (¶ 10) (Miss.Ct.App.2000). Failure to raise a timely objection constitutes waiver of the issue on appeal. Id. This issue is without merit.

B. Balancing Test of Rule 609(a)(1)(B)
¶ 15. Evidence of Porter's prior conviction was later admitted when Porter took the stand in his own defense. Before Porter took the stand, the trial judge addressed the issue of the State's using the prior conviction to impeach Porter. Porter argues that the trial judge abused his discretion by finding that the probative value of the prior conviction substantially outweighed the prejudice to the defendant under the balancing test of Rule 609(a)(1)(B) and therefore allowing the State to impeach Porter by the prior conviction.
¶ 16. Once again, the fact that Porter's own attorney opened the door to his prior conviction must be considered. When Porter took the stand, the jury had already heard about the conviction from Officer Novay on re-direct. The State was free to further explore the conviction on cross-examination of Porter. Porter asserts that the trial judge committed error by not going through the analysis of Peterson v. State, 518 So.2d 632 (Miss. 1987), in determining whether the probative value of the prior conviction outweighed the prejudicial effect on the defendant. Porter's argument would be correct if the conviction was being offered to impeach Porter's own testimony. The State was attempting to use the testimony based on earlier testimony given by Officer Novay which opened the door to Porter's conviction for simple assault. Because the conviction was not used as a method of impeachment, the trial judge was not required to make the analysis nor weigh the Peterson factors. The trial judge did not abuse its discretion by allowing the State to question Porter about his prior conviction.

II. DID THE TRIAL COURT ERR BY ALLOWING THE STATE TO USE PORTER'S PRIOR CONVICTION IN VIOLATION OF UNIFORM RULES OF CIRCUIT AND COUNTY COURT PRACTICE 9.04?

A. Discovery Violation
¶ 17. Porter asserts that during the recross of Officer Novay a discovery violation occurred. At that time, the State attempted to introduce the NCIC reports of Porter. Porter argues that the State committed a discovery violation by not disclosing the reports showing the criminal record of Porter prior to trial. URCCC 9.04(a)(3).
¶ 18. The standard of review for discovery violations is abuse of discretion. The appellate court will affirm the trial court's decision unless "there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." Young v. State, 791 So.2d 875, 878(¶ 9) (Miss.Ct.App.2001) (citing Graves v. State, 767 So.2d 1049, 1051-52(¶ 6) (Miss.Ct.App.2000)). Evidentiary rulings are in the discretion of the trial court and will not be reversed except upon an abuse of discretion. Wimberly v. State, 839 So.2d 553, 559 (¶ 29) (Miss.Ct.App. 2002). Rule 9.04 of the Uniform Circuit and County Court Rules outlines the appropriate guidelines for the trial court to follow when resolving possible discovery violations. The purpose of the discovery guidelines is to avoid trial by unfair surprise or ambush. Wimberly, 839 So.2d at 560.
*420 ¶ 19. When a party seeks to raise the issue of discovery violation, a contemporaneous objection must be made. Collins v. State, 734 So.2d 247, 250(¶ 8) (Miss.Ct.App.1999) (citing Box v. State, 437 So.2d 19, 23 (Miss.1983)). Failure to timely object waives the issue of the discovery violation on appeal. Id. When the trial court is confronted with a discovery violation, the trial court should follow the procedures set forth in Box:
1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence.
2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
3) If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence.
Wooten v. State, 811 So.2d 355, 366 (¶ 28) (Miss.Ct.App.2001) (citing Box, 437 So.2d at 23-24). The trial court's failure to follow the procedures of Box is prejudicial error. Wooten, 811 So.2d at 366.
¶ 20. In the case sub judice, the first time defense counsel took issue with the NCIC report was during re-direct of Officer Novay. Defense counsel noted a discovery violation because the State allegedly failed to provide the report until the day of trial. However, Porter's counsel never formally objected to the use of the report at that time. During a conference outside the presence of the jury, the State offered to withdraw the report to which Porter's attorney stated that he was satisfied with that result. The second time Porter's counsel took issue with the use of the report was before Porter testified. At that time, the trial judge stated that he would give defense counsel an opportunity to confer with Porter on the issue of his prior conviction.
¶ 21. However, the next step of Box is for Porter to request a continuance if he believed the lack of opportunity to prepare to meet the evidence prejudiced him. Box, 437 So.2d at 23-24. No continuance was requested by Porter's counsel at any time during the trial. Therefore, Porter has waived the issue on appeal. McCullough v. State, 750 So.2d 1212, 1217 (¶ 18) (Miss. 1999).

B. Judicial Estoppel
¶ 22. Porter also makes an argument in his appellate brief that the State's offer to withdraw the report and then seeking to introduce it again later at trial constitutes an impermissible waiver by judicial estoppel. The doctrine of judicial estoppel precludes a party from asserting a position, benefitting from the position and then later in litigation retreating from that position. Dockins v. Allred, 849 So.2d 151, 155 (¶ 7) (Miss.2003). Porter cites the case of Hoover v. State, 552 So.2d 834 (Miss.1989), to support his position. In Hoover, the State took inconsistent positions in the prosecution of codefendants. The court held in that case, "This doctrine is to be used when the party against whom the estoppel was sought, knowingly, with full knowledge of the facts, asserted a position which was inconsistent with the position in prior judicial proceedings." Hoover, 552 So.2d at 838. The court held that judicial estoppel does not apply equally in criminal cases as civil cases when the parties are not identical. Id.
¶ 23. Porter's argument on judicial estoppel is without merit because the doctrine is applicable when a party takes a different position in a later proceeding. *421 Porter's situation differs factually from Hoover in that Porter's situation involves one trial, not two proceedings and therefore his claim for judicial estoppel is inapplicable.

III. DID THE TRIAL COURT ERR BY ALLOWING THE STATE TO ADMIT EVIDENCE OF PORTER'S CHARACTER AS TO HIS TEMPER AND HIS PARTICIPATION IN ANGER MANAGEMENT CLASSES?
¶ 24. Porter argues that the trial court erred by permitting the State to impeach him by cross-examination using character evidence as to his temper and his participation in anger management classes. The State was allowed to ask Porter the following on cross-examination:
District Attorney: And as a result of that conviction and sentence, you were required to attend an anger management class in April and that you graduated in 2001; is that correct?
Porter: Yes, sir.
District Attorney: Isn't it true that you have a temper?
Porter: No, sir.
District Attorney: You don't have a temper?
Porter: No, sir.
¶ 25. The questions posed by the State fall squarely within Rule 404(a) of the Mississippi Rules of Evidence which states, "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion...."
¶ 26. The State sought to introduce this evidence based on testimony that Porter gave during his direct examination. On direct, Porter stated, "I have no reason to lie.... I meant I'm a working man. All I do is work, try to provide for my family. I got a seven year-old son that's got a kidney problem right now, going back and forth to the doctor." Porter also testified to his filling out a background check in order to purchase his handgun. The State's position was that Porter opened the door to his own character and therefore the evidence was admissible under Rule 404(a)(1). Porter argued that he never opened the door to his character.
¶ 27. In order to raise an error on appeal, Mississippi Rule of Evidence 103(a) requires that a contemporaneous objection on specific grounds must be made to the admission of evidence by the trial court. Denson v. State, 746 So.2d 927, 930 (¶ 17) (Miss.Ct.App.1999). It should be noted that Porter's counsel never formally objected to the State's line of questioning concerning Porter's temper and participation in anger management classes. We can find no contemporaneous objection in the record to the questions offered by the State. The trial court allowed the evidence to be admitted and Porter should have objected at that point in order to preserve the evidentiary issues for appeal. M.R.E. 103(a). Porter is therefore barred from making such an assertion on appeal.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.