868 So.2d 1048 (2004)
Corey Dewayne SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00409-COA.
Court of Appeals of Mississippi.
March 23, 2004.
*1049 Corey Dewayne Smith, appellant, pro se.
Tom Sumrall, Gulfport, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Corey Dewayne Smith was convicted of murder in the Circuit Court of the First Judicial District of Harrison County. He was sentenced to life imprisonment. Aggrieved by that decision, he appealed to this Court.
¶ 2. Smith's appellate counsel, Tom Sumrall, has filed a brief pursuant to Brown v. State, 799 So.2d 870 (Miss.2001), based on the procedure outlined in Turner v. State, 818 So.2d 1186 (Miss.2001). Appellate counsel for Smith wrote:
Counsel had determined (1) that the defendant is unlikely to prevail on appeal; (2) Counsel has scoured the record thoroughly and determined that there is nothing in the record that might arguably support an appeal and (3) Counsel has advised his client of his right to file a pro se supplemental brief. To elaborate further on his efforts, counsel would show that he did seriously consider presenting the argument that the jury verdict was against the overwhelming weight of the evidence and was not sufficient to support the verdict. However, upon serious reflection, the conclusion was reached that this is a classic case of the jury having all the evidence before it and making an informed decision as to what the facts really are and basing its verdict upon that proposition.
Smith did not file a supplemental brief on his own behalf. The State agrees with the analysis of the evidence by Smith's counsel that there are no arguable issues that might support an appeal. Smith's counsel alluded to the following as error which might support an appeal:
THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 3. After carefully reviewing the entire record in the case, this Court finds no error which warrants a reversal. Therefore, we affirm the ruling of the trial court.

FACTS
¶ 4. On January 14, 2001, Smith shot and killed Torey Youngblood outside the Cadillac Club in Gulfport, Mississippi. In the early morning hours, a fight broke out inside the club among various patrons. Security guards attempted to break up the fight by using mace and ordering people to leave the club. Words were exchanged outside the club and the fight erupted again resulting in Youngblood being shot and killed by Smith. Smith does not deny killing Youngblood. Rather, he asserts that he acted in self defense.
¶ 5. Schnell Carney was the first witness to testify for the State. Schnell was at the Cadillac Club on the evening in question. She testified that a fight broke out upstairs in the club and security forced everyone outside. Schnell's brother, Marvel Spurlock, was involved in the fight inside the club. Schnell left the club with a beer bottle in her hand. After leaving the club, *1050 she saw Spurlock arguing with David White. As she approached the two, White warned her against hitting him with the bottle. Leo Carney, Schnell's husband, overheard White's comment towards his wife and after an exchange of words, the two began fighting. As the fight ensued, three other people joined the beating of Carney. One of the persons joining in was identified by Schnell as Corey Smith.
¶ 6. Schnell testified that Youngblood pulled Smith off of Carney's back, and pushed him up against a wall outside of the club. When Youngblood turned his back to Smith in order to help Leo, Smith shot him in the back of the head.
¶ 7. Carney testified that he was involved in the fight outside the Cadillac Club. He said that after Youngblood pulled Smith off him and threw Smith against the wall. Smith drew a gun and shot Youngblood in the back of the head.
¶ 8. Tema Gray testified that Youngblood, Leo Carney and Julius Hobbs went to the Cadillac Club on January 14, 2001. After being forced to leave the club, Gray said he saw Carney being beaten by three people. He said that he and Youngblood went to the aid of their friend. Gray testified that Youngblood pulled Smith off Carney and threw Smith against a wall. Smith then shot Youngblood in the back of the head killing him.
¶ 9. The appellant, Smith, testified on his own behalf and admitted that he was involved in a fight with Carney. Smith said he was scared of the group of people that had gathered outside the club because there were more of Spurlock's friends than friends of White in the crowd. Smith stated that he told the group of people outside the club that if they jumped him that he would shoot them to protect himself. He testified that somebody hit him from behind and knocked him to the ground. Afterwards, he alleged a group of people began to stomp and kick.
¶ 10. Smith stated that he fired two shots after coming up off the ground. The first shot did not hit anyone. He denied pressing the gun against Youngblood's head and shooting him. On cross-examination, Smith admitted that no one involved in the fight had a gun, knife or weapon except him. He also admitted that nobody threatened to harm him in any way. Smith said that he never saw Youngblood hit or kick him during the fight.

I. WAS THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 11. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss. 1998). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182 "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001).
¶ 12. After a careful of review of the evidence, this Court finds that the jury's *1051 verdict was not against the overwhelming weight of the evidence. The jury was presented with the evidence and made an informed decision in determining what happened on the night in question. The jury could have accepted Smith's version of events and found him not guilty by reason of self-defense. The jury was given proper jury instructions on murder and manslaughter. The jury chose to accept the State's version of events and find Smith guilty of murder.

II. WHETHER APPELLATE COUNSEL FOLLOWED THE CORRECT PROCEDURE IN FILING THE BRIEF PURSUANT TO TURNER.
¶ 13. Smith's appellate counsel contends that the appeal is largely frivolous. He filed a brief, alluding to one issue that might support an appeal. In Turner, the court outlined a procedure to follow in cases of frivolous appeals. The Turner requirements are that appellate counsel must: (1) determine that the defendant is "unlikely to prevail on appeal," (2) file a brief indicating "that he scoured the record thoroughly," and "refer to anything in the record that might arguably support the appeal," and (3) advise the client of his right to file a pro se supplemental brief. Turner v. State, 818 So.2d 1186 at (¶ 31).
¶ 14. We find that Smith's counsel followed the procedure set out in Turner. This Court has conducted an independent review of the record and cannot find any additional issues that might support an appeal.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.