875 So.2d 1120 (2004)
Brandon BURTON a/k/a Rye, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01764-COA.
Court of Appeals of Mississippi.
June 22, 2004.
*1121 David L. Walker, Batesville, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Brandon Burton was indicted and convicted for selling cocaine. Burton was sentenced to a term of ten years. The trial court denied Burton's motions for judgment notwithstanding the verdict and for a new trial, and Burton now perfects his appeal. Finding no error, we affirm.

FACTS
¶ 2. On July 15, 2002, Tracy Taylor of the Panola-Tate Counties Narcotics Task Force was working with Crystal Long, an informant, to set up an undercover narcotics buy. Long had volunteered to help rid her neighborhood of drug dealers and was paid $100 for her efforts.
¶ 3. Long was given a one hundred dollar bill to purchase drugs. Taylor searched *1122 Long before and after she went to the drug buy. There was a hidden camera in Taylor's unmarked car and an audio recorder concealed on Long.
¶ 4. Long purchased five rocks of crack cocaine from Burton and turned it over to Taylor. There were video and audio recordings of the transaction.
¶ 5. Burton asserts the following assignments of error: (1) the trial court erred in not replacing a juror who knew one of the State's key witnesses with an alternate; (2) the trial court erred in denying Burton's motion in limine to preclude the State from playing the audio portion of the taped drug sale; and (3) the trial court erred in denying Burton's motion to abolish peremptory challenges.

ANALYSIS

I. Whether the trial court erred in not replacing a juror who knew the State's key witness with an alternate juror.
¶ 6. The standard of review in examining the conduct of voir dire and regarding the admission or exclusion of evidence is abuse of discretion. Yoste v. Wal-Mart Stores, Inc., 822 So.2d 935, 936 (Miss.2002); Berry v. State, 575 So.2d 1, 9 (Miss.1990). Abuse of discretion will only be found where a defendant shows clear prejudice resulting from an undue lack of constraint on the prosecution or undue constraint on the defense. Davis v. State, 684 So.2d 643, 652 (Miss.1996). This Court shall not disturb a trial court's decision unless it is clearly wrong. Langston v. State, 791 So.2d 273, 283(¶ 25) (Miss.Ct. App.2001).
¶ 7. Burton claims that the trial court erred in refusing to replace a juror, identified as Ms. Donahou, with an alternate juror when it was discovered that she knew the State's key witness. The record reflects that when Ms. Donahou was questioned during voir dire, she did not recognize Crystal Long's name. However, after seeing Long in the courtroom, Ms. Donahou realized that she knew her. Ms. Donahou immediately brought this to the attention of the court. Ms. Donahou was questioned. The court ascertained that Ms. Donahou recognized Long as someone from her church, but that Ms. Donahou did not know Long personally. Ms. Donahou was also questioned about her ability to remain fair and impartial, and she indicated that she could.
¶ 8. A juror will be dismissed if he or she failed to truthfully answer or disclose information during voir dire, unless it is shown that he or she did not have substantial knowledge of the information sought to be elicited. Bush v. State, 585 So.2d 1262, 1265 (Miss.1991). Here, Ms. Donahou truthfully answered the questions presented and disclosed information during voir dire. It was not until Ms. Donahou actually saw Long in the courtroom that she realized that she knew her. At that time, Ms. Donahou made the court aware of that fact. Therefore, at the time of voir dire, Ms. Donahou did not have substantial knowledge of the information sought to be elicited, and she was not required to be dismissed under Bush.
¶ 9. Burton contends that because Ms. Donahou recognized Long as someone from her church, Ms. Donahou would be biased and was more likely to believe Long's testimony. However, the court questioned Ms. Donahou about her ability to remain impartial and was satisfied with her answer.
¶ 10. Therefore, we find that the trial judge did not abuse his discretion by refusing to replace Ms. Donahou with one of the available alternate jurors.

*1123 II. Whether the trial court erred in denying Burton's motion in limine to preclude the State from playing the audio portion of the taped drug sale.

¶ 11. Burton contends that his Sixth Amendment right to confront witnesses was violated when the trial court overruled his motion in limine to exclude the audio portion of the videotape of the drug transaction. Burton argues that since Keithdrick Hunt was on the video and he had not been subpoenaed then Burton's right to confront and cross-examine witnesses against him was violated, citing the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.
¶ 12. Burton's argument that he did not have the opportunity to confront or cross-examine Hunt has no merit. Burton is correct that the United States and Mississippi constitutions guarantee a defendant the right to confront a witness, including the right of cross-examination; nevertheless, Burton's rights were not violated. Neither Burton nor the trial court could dictate to the prosecution what witnesses they must call to testify or how to present their case. Hickson v. State, 512 So.2d 1, 3 (Miss.1987). The prosecution is not required to present every possible witness. Ahmad v. State, 603 So.2d 843, 847 (Miss.1992). Here, Burton did have the right to cross-examine each and every witness the State offered. Therefore, we find no violation of his constitutional rights of confrontation and cross-examination.
¶ 13. Even if we review Hunt's purported testimony, the audiotape reveals that Hunt could only be heard telling Long, "[h]ere it comes." Considering the other portions of the tape, Hunt's statement was hardly incriminating. Nonetheless, if Burton believed it necessary to confront or cross-examine Hunt, there is no indication in the record that Burton could not have issued a subpoena to compel Hunt's attendance and testimony. Burton was given a copy of the audio and videotape prior to trial and knew that Hunt could be heard speaking on the tape. Burton was, therefore, aware of the existence of Hunt's statement on the tape. If Burton believed Hunt to be a necessary witness, Burton could have compelled his testimony.
¶ 14. Burton was not prejudiced as the result of Hunt's statement. The audio and videotape indicated the presence of several individuals, including Burton, during the transaction. Hunt's statement was not the incriminating evidence from the tape. The state has a "legitimate interest in telling a rational and coherent story of what happened." Mackbee v. State, 575 So.2d 16, 28 (Miss.1990) (citing Brown v. State, 483 So.2d 328, 330 (Miss.1986)). The inclusion of Hunt's statement was neither incriminating nor prejudicial to Burton's defense, and it was necessary for the State to present a complete, rational and coherent story of what happened. Therefore, there was no error in admitting Hunt's statement in the audio and videotape.
¶ 15. Burton also argues that Hunt's statement constituted inadmissible hearsay. Burton correctly defines "hearsay" as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. M.R.E. 801(c). Burton fails, however, to explain his rationale for this claim. It is not clear exactly what Burton argues is the truth of the matter asserted, by Hunt saying "[h]ere it comes." Mississippi Rule of Evidence 803(1) provides that a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately *1124 thereafter is not excluded by the hearsay rule. The record indicates that Hunt said these words to Long when Burton was riding his bike towards Hunt and Long with the drugs. Hunt's statement was not hearsay because it was not offered to prove the truth of the matter asserted. Even if it met the definition of hearsay, the statement would properly be considered an exception to the hearsay rule as a present sense impression under Rule 803(1) of the Mississippi Rules of Evidence.
¶ 16. We find that the introduction of the audio portion of the videotape did not violate Burton's right to confront or cross-examine witnesses and that it was not inadmissible hearsay. Therefore, the trial court did not err in denying Burton's motion in limine.

III. Whether the trial court erred in denying Burton's motion to abolish peremptory challenges.
¶ 17. During jury selection at his trial, Burton made a motion to abolish peremptory challenges and to preclude the prosecution from exercising any peremptory challenges during the jury selection process. The trial judge noted that overruled the motion. Burton again raised this issue in his motion for judgment notwithstanding the verdict and for a new trial.
¶ 18. Burton contends that racial and gender restrictions placed on the use of peremptory challenges by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), are not enforceable under the three step analysis provided by Batson and, therefore, the appropriate remedy is the abolition of peremptory challenges. Burton claims that the abolition of peremptory challenges is appropriate because an attorney can easily assert a facially racial or gender-neutral reason for striking a potential juror, when in fact, his real reason is not neutral. Burton argues that this places trial courts in the difficult position of attempting to determine whether the attorney has given a good faith race or gender-neutral reason for the peremptory strike exercised.
¶ 19. In Batson, Justice Thurgood Marshall wrote a concurring opinion and advocated the abolition of peremptory challenges. "The inherent potential of peremptory challenges to distort the jury process by permitting the exclusion of jurors on racial grounds (or gender grounds) should ideally lead the Court to ban them entirely from the criminal justice system." Batson, 476 U.S. at 107, 106 S.Ct. 1712 (Marshall, J., concurring).
¶ 20. Mississippi Supreme Court Justice Michael Sullivan also supported the elimination of peremptory challenges. In Thorson v. State, 653 So.2d 876, 896 (Miss. 1994), Justice Sullivan wrote a concurring opinion where he stated "the proper remedy for this type of situation is the complete elimination of peremptory challenges in the trial courts of Mississippi."
¶ 21. However, Justice Marshall's and Justice Sullivan's position has not been adopted. Neither the United States Supreme Court nor the Mississippi Supreme Court have yet to eliminate the practice of peremptory challenges. Therefore, this Court may not depart from precedent and eliminate peremptory challenges in Mississippi state courts. Batson places appropriate restrictions on the exercise of peremptory challenges to prevent the exclusion of potential jurors due to their race or gender. Therefore, we find that Burton's right to a fair and impartial jury was not violated by the use of peremptory challenges.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TEN *1125 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SEVEN YEARS TO SERVE AND THREE YEARS OF POST-RELEASE SUPERVISION TO BE SERVED CONSECUTIVELY TO ANY PREVIOUSLY IMPOSED SENTENCES, FINE OF $5,000 WITH $4,000 SUSPENDED, AND $100 TO THE CRIME VICTIMS' FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.