952 So.2d 998 (2006)
John TERRELL a/k/a John B. Terrell, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01183-COA.
Court of Appeals of Mississippi.
November 7, 2006.
Rehearing Denied March 27, 2007.
*1000 Minor F. Buchanan, attorney for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. A jury sitting before the Second Judicial District of the Hinds County Circuit Court found John B. Terrell guilty of two counts of statutory rape. The circuit court sentenced Terrell to two concurrent thirty-year sentences. Aggrieved, Terrell appeals and raises five issues, listed verbatim:
I. THE JURY VERDICT ON BOTH COUNTS WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE LOWER COURT ERRED BY NOT GRANTING THE MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF THE STATE'S CASE, A PREEMPTORY [SIC] INSTRUCTION, AND FOR NOT GRANTING THE MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE A JNOV.
III. THE COURT ERRED IN GRANTING THE STATE'S MOTION TO EXCLUDE EVIDENCE AND WITNESSES AS DISCOVERY VIOLATIONS.
IV. THE COURT ERRED IN OVERRULING THE DEFENSE MOTION TO EXCLUDE WITNESS LATASHA HOLMES AS A DISCOVERY VIOLATION.
V. THE JUDGMENT AND SENTENCE OF THE LOWER COURT SHOULD BE SET ASIDE DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.

FACTS
¶ 2. This case centers around Monica Doe and her young daughter, Jean.[1] During *1001 October and November of 2002, Monica and Jean lived with Monica's boyfriend, Cardell McLaurin, in Jackson, Mississippi. Monica had an altercation with McLaurin. John Terrell, Monica's former boyfriend, suggested that Monica and her children leave McLaurin and stay in an abandoned house in Utica, Mississippi. Although the abandoned house had no running water and no electricity, Monica accepted Terrell's invitation. She and her children lived in the abandoned house from December of 2002 until March 28, 2003.
¶ 3. The abandoned house had no heat, save a rigged-up woodburning stove in one bedroom. Monica and her children slept on mattresses on the floor of that room. Monica and her two youngest children slept on one mattress, while Jean shared another mattress with Terrell.
¶ 4. Considered in the light most favorable to the jury's verdict, the evidence at trial indicated that Terrell had sex with Jean on several occasions. Terrell first had sex with Jean during December of 2002.[2] Monica witnessed the event, though she was under the influence of crack-cocaine at the time. At trial, Monica testified that she saw Terrell's penis penetrate Jean's vagina. Terrell had sex with Jean again sometime around the middle of January of 2003. Again, Monica witnessed the event. Again, Monica saw Terrell's penis penetrate Jean's vagina.
¶ 5. On March 28, 2003, Terrell drove Jean to school. Monica accompanied them. Monica told Terrell that she had to meet with the principal of Jean's school regarding Jean's frequent absences. Monica met with Jean's principal, but Monica told the principal that Terrell held her and her children against their will. The principal arranged for Monica and her children to go to a shelter. That shelter referred Monica to the Mississippi Children's Advocacy Center in Jackson, Mississippi. Terrell waited for Monica to come out of the school, but the school security officer told Terrell that Monica had already left.
¶ 6. Deputy Wardell Jackson of the Hinds County Sheriff's Office also worked at the Utica Police Department at times. On April 5, 2003, Terrell visited Deputy Jackson at the Utica Police Department. When they were in school, Terrell and Deputy Jackson were "close friends." Terrell reported Monica for child abuse and neglect. Deputy Jackson prepared a report and turned it over to the Mississippi Department of Human Services (MDHS) for investigation.
¶ 7. MDHS referred the investigation to the Mississippi Child Advocacy Center. Jean's case was assigned to Patricia Bailey. Ms. Bailey contacted Captain Leon Seals, the commander of the Juvenile Services Division of the Hinds County Sheriff's Department. Ms. Bailey asked Captain Seals to be present at her interviews of Monica and her children. Bailey interviewed Jean on two occasions. Captain Seals watched the interviews through a two-way mirror. Bailey also filmed those interviews. During those interviews, Jean stated that she had sex with Terrell on multiple occasions. After Ms. Bailey completed her interviews, Captain Seals began a criminal investigation.
¶ 8. On May 2, 2003, members of the Hinds County Sheriff's Department arrested Terrell. Terrell gave a written statement to Latasha Holmes, an investigator with the Juvenile Services Division of the Hinds County Sheriff's Office. In his written statement, Terrell claimed that, according *1002 to Jean, he had sex with her. Terrell stated that he did not know that he had sex with Jean at the time, because Monica drugged him. However, Terrell also stated that he was then aware that he had sex with Jean on more than one occasion.

PROCEDURAL HISTORY
¶ 9. On November 3, 2003, a Hinds County grand jury returned an indictment against Terrell and charged him with two counts of statutory rape. Terrell pled not guilty. The matter proceeded to trial. The Hinds County Circuit Court scheduled the case for trial to take place on November 4, 2004.
¶ 10. On November 3, 2004, the State filed a motion to exclude certain witnesses and evidence that Terrell planned to present at trial. According to the State's motion, on November 2, 2004, Terrell tendered a document titled "notice of defense witnesses and evidence." Within that document, Terrell disclosed seven witnesses and two audio cassette recordings. The State sought to exclude four of those witnesses, as well as the audio cassettes, on the grounds that Terrell had not provided notice in a timely manner.
¶ 11. On the morning of trial, the circuit court heard the State's motion. Regarding exclusion of testimony from the four witnesses, the circuit court sustained the State's motion in part. Additionally, the circuit court stated that, at the request of the parties, he would revisit the issue of allowing Terrell's witnesses to testify, should the need arise during the trial.
¶ 12. As for the audiotapes, the circuit court sustained the State's motion to exclude them, though not on the basis of timeliness. The circuit court found that the audiotapes were not relevant.
¶ 13. After the circuit court ruled on the State's motion to exclude, Terrell made an ore tenus motion to exclude testimony from Detective Holmes. Terrell claimed he was unaware that Holmes was a potential witness. The State presented evidence that it had identified Holmes as being involved in the case during a preliminary hearing. The circuit court concluded that Terrell was aware of Holmes's role in the case. Consequently, the circuit court overruled Terrell's motion to exclude Holmes's testimony.
¶ 14. After a two-day trial, the jury found Terrell guilty of both counts of statutory rape. The circuit court sentenced Terrell to two concurrent thirty year sentences. On December 21, 2004, Terrell filed motions for JNOV or, alternatively, for a new trial. The circuit court overruled both of Terrell's posttrial motions. Aggrieved, Terrell appeals.

ANALYSIS
I. THE JURY VERDICT ON BOTH COUNTS WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 15. Terrell claims the circuit court erred when it did not grant his motion for new trial because the jury's verdict was against the overwhelming weight of the evidence. According to Terrell, no credible evidence supports the jury's verdict.
¶ 16. "A motion for a new trial seeks to vacate the judgment on grounds related to the weight, not sufficiency, of the evidence." Verner v. State, 812 So.2d 1147(¶ 6) (Miss.Ct.App.2002). "A motion for a new trial is addressed to the trial court's sound discretion." Fleming v. State, 732 So.2d 172(¶ 37) (Miss.1999). We may only reverse the circuit court's decision if we are convinced that the circuit *1003 court abused its discretion when it overruled Terrell's motion for a new trial. Smith v. State, 868 So.2d 1048(¶ 11) (Miss. Ct.App.2004).
¶ 17. Terrell raises multiple arguments under this issue. For one, Terrell suggests that the circuit court erred when it permitted testimony from Bailey, the social worker who interviewed Jean at the Mississippi Children's Advocacy Center. Admissibility of Bailey's testimony has nothing to do with the weight of the evidence. What is more, Terrell never objected to Bailey's testimony. One who fails to raise a contemporaneous objection at trial may not do so on appeal. "It is elementary that, for preservation of error for review, there must be contemporaneous objections." Christmas v. State, 700 So.2d 262, 271 (Miss.1997). As such, Terrell is procedurally barred from attacking Patricia Bailey's testimony on appeal.
¶ 18. Second, Terrell attacks the credibility of some of the State's witnesses  namely, Monica, Jean, and Dr. Sorey. Monica testified that she saw Terrell have sex with Jean on multiple occasions. Jean testified that she had sex with Terrell many times. Dr. Sorey examined Jean and concluded that she had sex anywhere from one week to one year prior to his examination.
¶ 19. Terrell submits that Monica was biased against him and that she presented self-serving testimony. Specifically, Terrell claims that Monica "was an admitted drug abuser, had reasons to lie on [him], and by providing her testimony had avoided a thirty year sentence herself." Terrell concludes that Monica's testimony was not believable. Similarly, Terrell attacks Jean's credibility. According to Terrell, "[Jean]'s testimony is similarly subject to serious doubt since she has been under the influence of [Monica]" As for Dr. Sorey's opinion that Jean's vagina had been penetrated approximately one week prior to his examination, Terrell argues that "[t]his of course was only one man's opinion."
¶ 20. Terrell's personal view of witness credibility is irrelevant to our present analysis. "Matters regarding the credibility and weight to be accorded the evidence are to be resolved by the jury." Verner, 812 So.2d at (¶ 7). The jury found Jean and Monica credible. True enough, Jean and Monica claimed that Terrell had sex with Jean and Terrell disputed their claim. Even so, "[w]here there is conflicting testimony, the jury is the judge of the credibility of the witnesses." Bessent v. State, 808 So.2d 979(¶ 21) (Miss.Ct.App. 2001). Even the testimony of a single uncorroborated witness can sustain a conviction even if more than one witness testifies to the contrary. Verner, 812 So.2d at (¶ 7).
¶ 21. Jean testified that she was younger than fourteen when Terrell had sex with her on several occasions. Monica testified that she saw Terrell rape Jean several times. Holmes, an investigator with the Juvenile Services Division of the Hinds County Sheriff's Office assisted in Terrell's arrest on May 2, 2003. Terrell gave Holmes a written statement of the events surrounding Jean's rapes. At trial, Holmes testified that Terrell admitted that he had sex with Jean.
¶ 22. "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Smith, 868 So.2d at (¶ 11). Rather, "this Court must consider all the evidence, not just that supporting the case for the prosecution, in the light most consistent with the verdict, and give the State all favorable inferences which may be drawn from that evidence." Fleming, 732 *1004 So.2d at (¶ 38). Considering the evidence in the light most consistent with the verdict, we cannot find that the circuit court abused its discretion when it overruled Terrell's motion for a new trial.
II. THE LOWER COURT ERRED BY NOT GRANTING THE MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF THE STATE'S CASE, A PREEMPTORY [SIC] INSTRUCTION, AND FOR NOT GRANTING THE MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE A JNOV.
¶ 23. In this issue, Terrell claims the circuit court erred when it reviewed the sufficiency of the evidence. A motion for a JNOV, a request for a directed verdict, and a request for a peremptory instruction all challenge the legal sufficiency of the evidence. Jefferson v. State, 818 So.2d 1099(¶ 30) (Miss.2002); Edwards v. State, 797 So.2d 1049(¶ 14) (Miss.Ct.App. 2001). Appellate review is limited to whether the evidence shows "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed, and where the evidence fails to meet this test it is insufficient to support a conviction." Bush v. State, 895 So.2d 836(¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). After viewing the evidence in the light most favorable to the State, the evidence is sufficient if any rational trier of fact could have found the defendant committed each element of the crime beyond a reasonable doubt. Id.
¶ 24. We review the sufficiency of the evidence as it existed during Terrell's last challenge. Terrell last challenged the sufficiency of the evidence during his motion for JNOV. Though he raised separate issues, Terrell combined his argument for this issue along with his argument for the previous issue. We are of the opinion that the circuit court did not err when it overruled his motion for JNOV.
¶ 25. "The crime of statutory rape is committed when . . . [a] person of any age has sexual intercourse with a child who . . . (i)[i]s under the age of fourteen (14) years . . . (ii)[i]s twenty-four (24) or more months younger than the person . . . and . . . (iii)[i]s not the person's spouse." Miss. Code Ann. § 97-3-65(1)(b) (Rev.2000). It is clear that a rational trier-of-fact could have found, beyond a reasonable doubt, that Terrell committed each element of the crime of statutory rape. Jean testified that she was younger than fourteen when Terrell had sex with her on several occasions during late 2002 and early 2003. At the time of trial, Terrell was forty-four years old and Jean was twelve. Monica testified that she saw Terrell have sex with Jean several times. Holmes, an investigator with the Juvenile Services Division of the Hinds County Sheriff's Office assisted in Terrell's arrest on May 2, 2003. Terrell gave Holmes a written statement of the events surrounding Jean's rapes. At trial, the State introduced Terrell's statement during Holmes's testimony. Terrell's statement indicated that he had sex with Jean on multiple occasions. There was absolutely no evidence that Terrell was married to Jean when he had sex with her. Accordingly, we cannot find that the circuit court erred when it overruled Terrell's motion for JNOV.
III. THE COURT ERRED IN GRANTING THE STATE'S MOTION TO EXCLUDE EVIDENCE AND WITNESSES AS DISCOVERY VIOLATIONS.
¶ 26. On November 2, 2004two days before trialTerrell provided the State with a document titled "notice of defense *1005 witnesses and evidence." Within that document, Terrell disclosed seven witnesses and two audio cassette recordings. On November 3, 2004, the State filed a motion to exclude four of those witnesses, as well as the audio cassettes, on the grounds that Terrell had not provided notice in a timely manner.
¶ 27. On the morning of trial, the circuit court heard the State's motion. Terrell argued that the four witnesses would only testify as rebuttal witnesses in the event that the State argued that Terrell held Monica and her children against their will. The State asserted that it would not rely on any argument that Terrell held Monica and her children in the abandoned house against their will. Accordingly, the circuit court sustained the State's motion in part. However, the circuit court also stated that it would revisit the issue of allowing Terrell's witnesses to testify if the State presented evidence that Terrell held Monica and her family against their will.
¶ 28. As for the audiotapes, the State objected to them on two grounds: timeliness and relevance. The record indicates that the tapes contained recordings in which Terrell criticized Monica "for using drugs in the presence of her children, for taking her children to crack houses, and for spending her welfare money for drugs." The tapes also implicated Cardell McLaurin for statutory rape of Jean The circuit court sustained the State's motion to exclude the tapes, though not on the basis of timeliness. The circuit court found that the audiotapes were not relevant. Terrell claims the circuit court erred when it sustained, in part, the State's motion to exclude the four witnesses. Terrell also claims the circuit court erred when it sustained the State's motion to exclude the tapes on the basis of relevance.
¶ 29. Terrell frames this issue as a discovery question, but that is not accurate. The circuit court did not exclude the witness testimony or the tapes on the basis of a discovery violation. Terrell argued that the witnesses were solely for the purpose of impeaching the State's assertion that Terrell held Monica and her children against their will. The State responded that it did not intend to rely on that assertion as the theory of its case. The circuit court merely held that Terrell could not call the four impeachment witnesses unless the State presented evidence that Terrell held Monica and her children against their will. The circuit court also stated that it would reconsider the issue if the evidence developed otherwise.
¶ 30. As for the tapes, the circuit court never excluded them on the basis of a discovery violation. Rather, the circuit court found that the tapes were irrelevant to the charge against Terrell. So, regarding both the witnesses and the tapes, these two issues are improperly termed as discovery issues when they could only be issues regarding exclusion of evidence.
¶ 31. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. Burton v. State, 875 So.2d 1120(¶ 6) (Miss.Ct.App.2004). Abuse of discretion will only be found where a defendant shows clear prejudice resulting from an undue lack of constraint on the prosecution or undue constraint on the defense. Id. This Court shall not disturb a trial court's decision unless it is clearly wrong. Id.

A. The Witnesses
¶ 32. As mentioned, the circuit court stated that it would revisit the issue of whether Terrell's four potential witnesses would be allowed to testify as rebuttal witnesses in the event that the State presented evidence that Terrell held Monica and her family against their will. Terrell *1006 never attempted to call those witnesses to give the circuit court the opportunity to revisit the issue. The circuit court never had an opportunity to rule on that issue. Accordingly, it is not properly before this Court.

B. The Tapes
¶ 33. The circuit court found that the tapes were irrelevant to the statutory rape charge that Terrell faced. Supposedly, the tapes indicated that Cardell McLaurin committed statutory rape against Jean. Additionally, the tapes contained Terrell's critical statements against Monica: Specifically, Terrell stated that Monica used drugs in the presence of her children, took her children to crack houses, and used her welfare money to buy crack.
¶ 34. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. M.R.E. 401. Whether Cardell McLaurin committed statutory rape against Jean does not make it more or less probable as to whether Terrell committed statutory rape against Jean. We cannot find that the circuit court abused its discretion when it excluded the tapes on the basis of relevance.
¶ 35. Terrell testified that Monica abused drugs in the presence of her children. Monica admitted that she was addicted to crack. Jean testified that she saw her mother use drugs. Terrell impeached Monica with the substance of the evidence reportedly contained in the tapes. Accordingly, we find no reversible error.
IV. THE COURT ERRED IN OVERRULING THE DEFENSE MOTION TO EXCLUDE WITNESS LATASHA HOLMES AS A DISCOVERY VIOLATION.
¶ 36. On the day of trial, Terrell moved to exclude the testimony of Latasha Holmes, the investigator present when Terrell gave a written statement. Terrell claimed that the State failed to provide notice of Holmes as a witness during reciprocal discovery. The circuit court overruled Terrell's motion to exclude Holmes as a witness. Terrell appeals.
¶ 37. We review alleged discovery violations according to the abuse of discretion standard. We will affirm the circuit court's unless "there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." Young v. State, 791 So.2d 875(¶ 9) (Miss.Ct.App.2001). Evidentiary rulings are in the discretion of the circuit court and will not be reversed except upon an abuse of discretion. Wimberly v. State, 839 So.2d 553(¶ 29) (Miss.Ct.App.2002). Rule 9.04 of the Uniform Circuit and County Court Rules outlines the appropriate guidelines for the circuit court to follow when resolving possible discovery violations.
¶ 38. The State is obligated to disclose to a defendant's attorney, names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by any such witness. URCCC 9.04(A)(1). If at any time prior to trial it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances. URCCC 9.04(I). The *1007 decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in a manifest injustice. Evans v. State, 844 So.2d 470(¶ 14) (Miss.Ct.App.2002).
¶ 39. We cannot find that the circuit court abused its discretion when it overruled Terrell's ore tenus motion in limine. For one, the record shows that Holmes's involvement was identified during a preliminary hearing. During that preliminary hearing, Captain Seals mentioned that another investigator took Terrell's statement. True enough, Captain Seals did not name Holmes, but Terrell was made aware of an additional investigator. What is more, the record shows that the State asked Holmes to visit Terrell's attorney the day before trial, that Holmes did attempt to visit Terrell's attorney the day before trial, and that Terrell's attorney briefly spoke with Holmes. Additionally, Holmes merely testified to matters within Terrell's written statement, which Terrell was aware of and possessed a copy. Finally, a defendant must request a continuance if he believed the lack of opportunity to prepare to meet the evidence prejudiced him. Porter v. State, 869 So.2d 414(¶ 21) (Miss.Ct.App.2004). Terrell did not request a continuance. As such, Terrell waived the issue on appeal. Id. Accordingly, we find no reversible error as a result of the circuit court's decision to overrule Terrell's motion in limine.
V. THE JUDGMENT AND SENTENCE OF THE LOWER COURT SHOULD BE SET ASIDE DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 40. When a party raises an ineffective assistance of counsel claim on direct appeal, the proper resolution is to deny relief without prejudice to the defendant's right to assert the same claim in a post-conviction relief proceeding. Pittman v. State, 836 So.2d 779(¶ 38) (Miss.Ct.App. 2002). "We should reach the merits on an ineffective assistance of counsel issue on direct appeal only if (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Id. at (¶ 39). If we do not consider the issue due to the state of the record, assuming we affirm the conviction, Terrell may raise his ineffective assistance of counsel claim in post-conviction relief proceeding. Id.
¶ 41. The parties have not entered any such stipulation, and the record does not affirmatively show ineffectiveness of constitutional dimensions. Accordingly, Terrell may raise his ineffective assistance of counsel claim in a post-conviction relief proceeding.
¶ 42. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, STATUTORY RAPE, AND SENTENCE OF THIRTY YEARS AND COUNT II, STATUTORY RAPE, AND SENTENCE OF THIRTY YEARS TO RUN CONCURRENTLY WITH COUNT I ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] We use aliases to protect the child's identity.
[2] Jean's date of birth is December 14, 1991. Jean would have been ten or eleven years old at that time.