MYERS, P.J.,
for the Court.
¶ 1. Adam Troy Peters was convicted as a habitual offender of armed robbery and was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. Peters appeals his *1291 conviction and asks for review of whether the trial court erred in refusing his motion to identify a confidential informant. Peters also asks for review of whether the trial court erred in denying his motion for a new trial. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On the evening of September 19, 2001, two employees working at a Subway restaurant in Columbia, Mississippi were robbed at gunpoint. A confidential informant’s tip lead police to open an investigation against Adam Troy Peters. An investigating officer testified that, according to the tip, Peters was seen getting in a car with two others, looking nervous and shaking near the scene of the robbery. Additionally, the two victims of the crime made a positive identification of Peters in a physical lineup. At the beginning of trial, Peters requested that the State reveal the identity of their confidential informant. However, the trial judge overruled Peter’s motion finding that the confidential informant was not going to testify at trial, did not witness the actual robbery, and was not a material witness to the robbery. Peters moved for a directed verdict at the close of trial, and the trial judge denied the motion. Peters was subsequently convicted of armed robbery in the Circuit Court of Marion County, Mississippi.
STANDARD OF REVIEW
¶ 3. This Court reviews exclusion of evidence under an abuse of discretion standard. Burton v. State, 875 So.2d 1120(116) (Miss.Ct.App.2004). “Under this standard, this Court will affirm unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Caracci v. Int’l Paper Co., 699 So.2d 546, 556 (Miss.1997).
¶ 4. Further, this Court will only overturn a circuit court’s denial of a motion to grant new trial if the circuit court abused its discretion in denying the motion. Dilworth v. State, 909 So.2d 731, 737(¶20) (Miss.2005). “A motion for a new trial goes to the weight of the evidence.” Jenkins v. State, 913 So.2d 1044, 1052(¶ 25) (Miss.Ct.App.2005). The evidence will still be viewed in the light most favorable to the trial court’s verdict. Id. at 737(¶ 21). Additionally, “[o]nly in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Montana v. State, 822 So.2d 954, 967-68(¶ 61) (Miss.2002).
DISCUSSION
¶ 5. Peters appeals the denial of his motion to reveal the identify of the confidential informant. Peters argues that the trial court erred in denying his motion because the confidential informant was a material witness. Peters claims as a result of the trial court’s failure to identify the confidential informant, his conviction should be reversed. Peters also appeals the trial court’s denial of the motion for a new trial, asserting that the two victims’ testimony at trial and identification at the physical lineup were unreliable and inconsistent. Further, Peters argues since the victims’ testimony and identification are unreliable, that his confession to the robbery, when viewed alone, does not carry enough weight to support his conviction and a new trial is warranted.
I. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION TO REVEAL THE CONFIDENTIAL INFORMANT
¶ 6. Here, Peters argues that the trial court abused its discretion in failing *1292 to reveal the identity of the confidential informant. Peters claims his defense was hindered since he was not allowed to confront and cross-examine a person he alleges was an eyewitness to the crime. The State argues that the confidential informant was not a material witness. The determination of whether to reveal the identity of the witness was within the discretion of the trial court, which denied the request. The State argues that since neither side would be calling the confidential informant at trial, the issue is without merit.
¶ 7. The record from the trial court reflects several problems with Peters’s argument. First, one issue in dispute at trial was whether the witness was material. A material witness is one who “must have been a participant in the crime or an eye witness [sic] to the offense.” Breckenridge v. State, 472 So.2d 373, 377 (Miss.1985). According to the record, the trial court determined that the confidential informant was not material, but merely saw Peters in an area near the Subway restaurant at the time of the robbery.
¶ 8. Second, while Peters requested the identity of the confidential informant to be revealed, neither the State nor Peters indicated they intended on calling the confidential informant at trial when questioned by the court. As such, the trial court determined that it was unnecessary to reveal the informant’s identity. “[D]is-closure of the identity of an informer, who is not a material witness to the guilt or innocence of the accused, is within the sound discretion of the trial court.” Corry v. State, 710 So.2d 853, 858(¶ 17) (Miss.1998) (citing Strode v. State, 231 So.2d 779 (Miss.1970)). Further, “confrontation and cross-examination are the very rights which require disclosure of material witnesses in the first place.” Corry, 710 So.2d at 859(¶ 18).
¶ 9. There is no indication in the record that the confidential informant saw any part of the actual crime or was involved in the crime itself. The details supplied by the informant in the case simply placed Peters in the area at the time of the robbery, entering a waiting car, while appearing nervous. This helped spark an investigation by the police. Additionally, according to the record, the confidential informant was not being called to testify by either side. From this Court’s review of the record, we cannot find that the trial court erred in denying the request to reveal the confidential informant and we therefore find this issue is without merit.
II. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR NEW TRIAL
¶ 10. Peters argues that his motion for a new trial should have been granted for two reasons. First, Peters challenges the testimony from the two victims of the robbery, Christy Powell and Josh King. Peters argues that their testimony was inconsistent and unreliable. The State asserts that the weight of the evidence supports the verdict and the trial judge did not abuse his discretion in refusing the motion for a new trial. The State posits that the jury had the benefit of hearing the evidence and witnesses at trial and its verdict should stand. The State further argues that the evidence presented at trial, along with reasonable inferences drawn by the jury, was not against the overwhelming weight of the evidence. The State points to the valid confession, the testimony of the two victims identifying Peters as the robber, and the confidential informant’s tip placing him near the scene as further evidence that the jury’s verdict was sound.
¶ 11. We find that there was sufficient weight in the evidence against Peters so as *1293 to allow the verdict against him to stand. Although the two victims initially did not identify Peters as the suspect in the first photographic lineup, they later separately and individually identified Peters in a physical lineup. Further, Peters confessed to the robbery in a valid confession, which was admitted into evidence at trial. Additionally, a confidential informant placed Peters in an area near the Subway restaurant at the time of the robbery. In this case, the evidence presented at trial was not “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Montana, 822 So.2d at 967-68(¶ 61). As such, this Court cannot say the trial judge erred in denying Peters’s motion for a new trial. We accordingly affirm.
If 12. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY OF CONVICTION OF ARMED ROBBERY AS A HABITUAL OFFENDER AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION OF $500 TO SHAH-RUKH SHEIKH, OWNER OF SUBWAY SANDWICH AND SALADS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.