338 So.2d 1008 (1976)
Emile BROWN
v.
STATE of Mississippi.
No. 49413.
Supreme Court of Mississippi.
November 2, 1976.
*1009 Bernard Gautier, Charles W. Parlin, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
INZER, Presiding Justice, for the Court:
Emile Brown was indicted in the Circuit Court of Jackson County for the murder of R.H. Hoye, Jr. He was convicted of manslaughter and sentenced to serve a term of fifteen years in the State Penitentiary. From this conviction and sentence he appeals to this Court, and we affirm.
The proof on behalf of the state is sufficient to show that on the night of March 27, 1975, appellant shot and killed R.H. Hoye in Lillie's Place in Pascagoula. Appellant and Hoye were shooting pool when an argument ensued. After a scuffle between the two, they went outside and continued their argument. The evidence is not clear as to just what took place outside but after twenty or thirty minutes Hoye returned and was standing at the bar drinking beer when appellant returned, kicked open the screen door and started firing the .22 pistol at Hoye. Two of the shots hit Hoye. The fatal one penetrated the right ventricle of the heart. At the time the fatal shot was fired Hoye was not armed, and was not making any effort to harm the appellant.
According to appellant's version of the affray, he shot Hoye in self-defense. He said they were shooting pool and Hoye hit him on the head with a cue stick. A tussle ensued and Hoye got appellant down and started beating him. When appellant got up, Hoye pulled a knife and started cutting at him. He said Hoye cut his shirt "clean off" and cut him on the shoulders. He said he got away from Hoye, went home and discovered that he had lost his door key and $170 in the scuffle. He went back to Lillie's Place to see if he could recover his key and his money. When he returned, he said the screen door was pushed open and he entered Lillie's Place. At that time Hoye was standing at the bar with his shirt open and his knife down at his side. Appellant said Hoye charged toward him with the knife in his hand and he panicked and started shooting. He did not know how many times he shot, and denied that he shot Hoye after he fell.
The only error assigned for the reversal of this case is that the trial court erred in refusing to allow testimony relative to the reputation of the deceased for peace and violence. The only thing in the record to support this proposition is the testimony brought out in the cross examination of Detective G.J. Brooks. Counsel for appellant asked the witness if he knew the deceased and the witness stated that he had known him for several years. Counsel then asked if he was familiar with his reputation for peace and violence in the community in which he lived. Thereupon, the state objected to the question and it was sustained. Appellant contends that since there was a dispute as to who was the aggressor, it was reversible error for the trial court to refuse to admit testimony relative to the reputation of the deceased for peace and violence. Appellant correctly points out that this Court held in Freeman v. State, 204 So.2d 842 (Miss. 1967), that evidence as to the general reputation of the decedent for peace and violence is admissible as an exception to the general rule when one of the issues to be decided by the jury is who was the aggressor. However, appellant did not properly preserve the alleged error. The rule is well established in this state in numerous cases that the action of the trial court is not subject to review when the objection to evidence is sustained, unless counsel either states into the record *1010 what is expected to be proved, or in the absence of the jury have the witness answer the questions. The purpose of this rule is to enable the trial court to judge the competency of the proffered evidence and this Court can review it on appeal. Here, appellant did not attempt to show this witness' testimony relative to the reputation of the decedent for peace and violence in the community where he lived. Consequently, he cannot put the trial court in error in sustaining the objection to the question asked.
For the reasons stated, this case must be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.