514 So.2d 1221 (1987)
Hudson CLARK
v.
STATE of Mississippi.
No. 57252.
Supreme Court of Mississippi.
November 4, 1987.
David F. Baughn, Vicksburg, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ANDERSON, JJ.
DAN M. LEE, P.J., for the Court:
Hudson Clark was indicted by the grand jury of Sharkey County, Mississippi, on September 5, 1985, and charged with aggravated assault. After a jury trial, Mr. Clark was convicted and sentenced as an habitual offender (Miss. Code Ann. § 99-19-81) to a term of twenty years in the Mississippi Department of Corrections without benefit of probation or parole. Clark has perfected his appeal to this Court assigning two errors:
I. THE TRIAL COURT ERRED IN EXCLUDING THE TESTIMONY OF CLEMENTINE WILLIAMS CONCERNING STATEMENTS MADE BY WILLIE LEWIS.
II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT HUDSON CLARK UNDER THE PROVISIONS OF § 99-19-81 OF THE MISSISSIPPI CODE OF 1972, AS AMENDED.

*1222 FACTS
On September 5, 1985, 16-year-old Derrick Willis was walking his girlfriend home in Rolling Fork, Mississippi, when four men, Willie Lewis, Donald "Peewee" Logan, Eugene Odem and Appellant Hudson Clark, began picking at Willis. Willis picked up a stick and continued on his way. Willis left his girlfriend at her house and went to a local establishment called "Brother Bill's," where he received a message that Willie Lewis wanted to meet him at the railroad tracks. By the time Willis got to the track, Milton Williams and Willie Lewis were already involved in a fight, surrounded by 15-20 people watching. Apparently, Milton Williams had heard about the earlier incident between Derrick and Willie Lewis and was avenging Derrick Willis. Sometime during the fight, which lasted about five minutes, Derrick Willis was grabbed from behind and his throat was cut. A girl in the crowd began screaming that Willis was bleeding, and Willis's brother drove him to the hospital. The cut required 64 stitches.
The factual issue at trial was who cut Derrick Willis. Willis claims that he saw Hudson Clark standing up on the track during the fight, but that somehow Hudson managed to run around the outside of the crowd, run up behind Derrick Willis, and cut him. Willis identified Hudson Clark from the clothes that he wore that evening and also because Hudson Clark wore a curl. Willis also testified that he had known Hudson Clark before this incident, and there was no question in his mind that it was Hudson Clark who cut his throat.
Two other witnesses to the fight also claim that Hudson Clark cut Derrick Willis. One testified that he was facing Derrick during the fight because he was trying to hold him back to keep him from fighting. He saw Clark come from behind and knife Derrick in the throat. The other witness testified that he saw Hudson Clark come up from behind Derrick and cut him. This witness also testified that Willie Lewis carried a wine bottle to the fight and that during the fight Lewis broke the wine bottle.
Hudson Clark testified in his own defense, stating that he was not near the fight, but was up on the track watching it. Clark does not deny that he was with the group of four who picked on Derrick Willis earlier in the evening, nor does he deny that he followed the crowd to the fight. One of Clark's witnesses testified that Clark was standing beside him before, during and after the fight, up on the track. After the fight he and Clark went to Clark's girlfriend's house. Another of Clark's witnesses testified that he left Hudson standing up on the track while he walked down to where the fight was taking place. He claimed he did not see Derrick or Hudson during the fight, and that after the fight, he turned and headed back up the track, seeing Hudson still standing on the track. He testified that Hudson did not seem out of breath or like he had been running.
Willie Lewis admitted that he broke the wine bottle that he carried when Milton Williams threw him on the ground. He also testified that he never saw Hudson Clark during or after the fight. Another witness was a member of the crowd standing around the fight. She testified that she saw Hudson Clark standing up on the tracks before and during the fight, and after Derrick got cut. Defendant's final witness, Clementine Williams, testified that Willie Lewis came to her sister's house (where she was staying) looking for water and a towel because he had cut himself on a box cutter. He told Ms. Williams that he had used the box cutter to cut "a boy" with. At the close of Ms. Williams' testimony, the state moved that the jury be instructed to disregard this testimony because it was irrelevant to the case. The court granted the motion and instructed the jury to disregard Ms. Williams' testimony, reasoning that her testimony appeared to go to the credibility of the previous witness, Willie Lewis, and did not have anything to do with the case in chief.
In simplified form, the testimony in this case showed that the victim and two of his witnesses claim that Hudson Clark was guilty of the assault, and Clark and three *1223 of his witnesses claim that Clark was innocent of the assault. Willie Lewis admitted that he had a broken wine bottle during the fight, and another witness corroborated that story. The testimony of Clementine Williams was the only testimony that suggested that Willie Lewis, and not Hudson Clark, attacked Derrick Willis.

I. The Trial Court Erred in Excluding the Testimony of Clementine Williams Concerning the Statements Made by Willie Lewis.
Under his first assignment of error Mr. Clark argues that the trial judge erred when he excluded Clementine Williams' testimony. He contends that the judge's reasoning was flawed when he found that her testimony was irrelevant because it could only go to the credibility of the previous witness, Willie Lewis, which was a collateral matter. Mr. Clark maintains that the credibility of Willie Lewis is a key element in the case because if the jury believed that Lewis injured Willis, then it would have to find Clark not guilty. Clark further characterizes Lewis' statement as an admission under M.R.E. 801(d)(2), and an excited utterance under M.R.E. 803(2), thus taking this statement out from under the hearsay rule.
The state first argues that Mr. Clark failed to make objection and on-the-record argument against the exclusion of the testimony and further failed to raise this ground in the motion for a new trial. The state acknowledges that under Jackson v. State, 423 So.2d 129 (Miss. 1982), review is not necessarily barred for failure to raise the grounds on a motion for new trial where the grounds for objection on appeal are included in the transcribed evidence. Id. at 131. Nevertheless, the state contends that the defendant must not have considered the exclusion to be prejudicial to his case since he failed to object at trial or on a motion for a new trial.
The purpose of an objection at trial is to allow the trial court an opportunity to cure an impropriety. Here, there was nothing for the defendant to object to. Mr. Clark offered Ms. Williams' testimony. The prosecutor moved to exclude the testimony and the trial judge erroneously sustained the motion. There was nothing more for the defendant to do. The error was completed. Mr. Clark is not procedurally barred from bringing this assignment of error.
As to the substantive consideration of this assignment of error, the state argues that Ms. Williams' testimony was irrelevant because it went to the collateral issue of Willie Lewis' credibility; therefore, the trial judge correctly excluded the testimony under M.R.E. 402. (Under pre-M.R.E. Law, it was error to allow a witness to contradict on a collateral matter. See e.g., Price v. Simpson, 205 So.2d 642, 643 [Miss. 1968].) Mrs. Williams testified that Willie Lewis came to Sara Carrington's house and asked for water and a towel, stating, "He say, `I've been cut,' he said `I cut a boy, but I don't know whereabouts... .' So I gave him a towel and washed his hand and I was staying at my sister's house, you know, and he say `I cut myself with a boxcutter, this thing that I cut the boy with.'" This testimony is not collateral; instead, it goes directly to the heart of who cut Derrick Willis' throat that fateful night.
While it is true that the trial judge enjoys a considerable amount of discretion as to the relevancy and admissibility of evidence, Shearer v. State, 423 So.2d 824, 826 (Miss. 1983), we find that the trial court erred when it characterized Ms. Williams' testimony as irrelevant. The issue concerning Willie Lewis is not whether he has a character trait for being truthful, but, rather, whether Willie Lewis was telling the truth about the circumstances surrounding the fight, the cutting of Derrick Willis, and Lewis' participation in these events. Ms. Williams' testimony contradicts Lewis' testimony that he did not cut anybody. The possibility that Lewis cut Derrick Willis is a relevant factor to be considered by the jury in its deliberations as to whether or not Hudson Clark was guilty of cutting Derrick Willis, since the issue at trial was the identity of the person who cut Derrick Willis. As this Court stated in American Potash and Chemical *1224 Corporation v. Nevins, 249 Miss. 450, 163 So.2d 224 (1964), "[e]vidence is admissible to show a collateral fact if the fact tends to prove or disprove a matter of fact made an issue in the case." Id. at 458, 163 So.2d at 227. See also, McCormick on Evidence, § 47 (Edward W. Cleary, 3rd Ed. 1984). The jury should have been allowed to consider Ms. Williams' testimony and the trial court committed reversible error when it instructed the jury to completely disregard her testimony.

CONCLUSION
Because we find that the trial court erred when it instructed the jury to disregard Ms. Williams' testimony, we do not find it necessary to consider the other assignment of error. We reverse and remand this case to the Circuit Court of Sharkey County for a new trial consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.