812 So.2d 1147 (2002)
Clifton VERNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00468-COA.
Court of Appeals of Mississippi.
April 2, 2002.
*1148 Luanne Stark Thompson, Aberdeen, attorney for appellant.
Office of the Attorney general by Billy L. Gore, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
*1149 CHANDLER, J., for the court.
¶ 1. Appellant Clifton Verner was indicted by a Monroe County grand jury for selling crack cocaine to an undercover agent. Following trial, a jury found Verner guilty of the crime charged. The circuit court judge sentenced Verner to twenty years imprisonment with thirteen years suspended. Aggrieved, Verner appeals, arguing that the trial court erred in denying his motion for a directed verdict or, in the alternative, a new trial. Finding no error, we affirm.

FACTS
¶ 2. As part of an eighteen-month investigation into the sale and transfer of drugs in Monroe County, the North Mississippi Narcotics Unit (NMNU), through the use of undercover agents, attempted to purchase narcotics from individuals in areas known for their drug activity. One of the undercover agents, Keith Vann, was in charge of setting up buys in the Valley Chapel community. The NMNU issued Agent Vann money in order to purchase the narcotics and provided him with surveillance equipment, including an audio transmitter and video recorder, with which he was to record the various transactions. The transactions were monitored from a distance by Agent Rob Blaylock.
¶ 3. On January 25, 2000, Agent Vann drove into Valley Chapel, looking for potential dealers. Agent Vann noticed a man with a cane walking down the road. Agent Vann approached the man and asked if he could purchase forty dollars worth of crack cocaine. The individual told Agent Vann to make the block; when he returned, the dealer provided Agent Vann with four rocks of crack cocaine in exchange for the money. The transaction was recorded with the audio and video equipment. However, for the sake of continuing investigations, no arrest was made at that time.
¶ 4. Agent Vann met with Agent Blaylock for a post-buy meeting. Agent Blaylock reviewed the tapes and concluded that the dealer's name was Clifton Verner. According to Agent Blaylock, he had seen Verner over one hundred times in the past and had at least six direct meetings with him; therefore, he was certain that Verner was the dealer appearing in the videotape. Verner was subsequently arrested and brought to trial.

DISCUSSION

I. DID THE TRIAL COURT ERR IN OVERRULING VERNER'S MOTION FOR A DIRECTED VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL?
¶ 5. In the case at bar, Verner not only made an oral motion for a directed verdict during the trial, but he also filed a motion for judgment notwithstanding the verdict (JNOV). A motion for a directed verdict or JNOV challenges the legal sufficiency of evidence supporting a guilty verdict. Adams v. State, 794 So.2d 1049, 1058(¶ 25) (Miss.Ct.App.2001). When testing the sufficiency of the evidence, all evidence must be evaluated in the light most favorable to the verdict; furthermore, all credible evidence consistent with guilt will be accepted as true. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). This Court affords the prosecution "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Id. This Court will reverse only in cases where, with respect to at least one of the elements of the offense charged, no reasonable juror could find beyond a reasonable doubt that the defendant was guilty. May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 6. Verner also filed a motion seeking a new trial. As distinguished from a directed verdict or JNOV, a motion *1150 for a new trial seeks to vacate the judgment on grounds related to the weight, not sufficiency, of the evidence. Smith v. State, 802 So.2d 82, 86-87(¶ 11) (Miss. 2001). When determining whether a jury verdict is against the overwhelming weight of the evidence, all evidence supporting the verdict must be accepted as true. At the same time, the prosecution is given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Jackson v. State, 580 So.2d 1217, 1219 (Miss.1991). We will reverse only on the rare occasion where it is clear that the trial judge abused his discretion in failing to grant a new trial. Baker v. State, 802 So.2d 77, 81(¶ 14) (Miss.2001). This Court will not reverse a guilty verdict unless the failure to do so would endorse an unconscionable injustice. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 7. In the case sub judice, the State proved every element necessary to sustain a conviction for the sale of crack cocaine. Verner's sole defense was that he was not the person who made the sale. However, the jury was presented with two witnesses who identified Verner as the individual responsible for the sale. Additionally, the jury viewed the audio and video evidence compiled for the sale, and was able to determine whether Verner was the person recorded on the film. The only evidence offered by Verner in rebuttal was his own testimony that he did not sell the crack cocaine. It is well established in this state that the testimony of a single uncorroborated witness can sustain a conviction even though there may be more than one witness testifying to the contrary. Williams v. State, 512 So.2d 666, 670 (Miss.1987). Matters regarding the credibility and weight to be accorded the evidence are to be resolved by the jury. Meshell v. State, 506 So.2d 989, 992 (Miss. 1987). See also Groseclose, 440 So.2d at 300 (noting that the weight given to testimony is not determined by the number of witnesses). There is no merit to Verner's argument.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THIRTEEN YEARS SUSPENDED AND FIVE YEARS POST-RELEASE SUPERVISION, FINE OF $5,000 WITH $4,000 SUSPENDED AND RESTITUTION OF $150 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.