914 So.2d 775 (2005)
Glenn Allen LEWIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01802-COA.
Court of Appeals of Mississippi.
November 8, 2005.
*776 B. Leon Johnson, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
EN BANC.
BRIDGES, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On August 11, 2004, the Grenada County Circuit Court tried Glenn Allen Lewis on one charge of armed robbery. The jury found Lewis guilty. Consequently, the circuit court sentenced Lewis to an eighteen-year term in the custody of the Mississippi Department of Corrections. Lewis filed unsuccessful motions for judgment notwithstanding the verdict, for directed verdict, and for a new trial. Aggrieved, Lewis appeals and raises two issues, listed verbatim:
I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL.
II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING APPELLANTS MOTION FOR A DIRECTED VERDICT AND MOTION FOR JUDGEMENT [SIC] NOTWITHSTANDING THE VERDICT.
Finding no error, we affirm.

FACTS
¶ 2. Shortly before ten o'clock p.m., on March 26, 2004, Glenn Allen Lewis walked into the Whitehaven liquor store in Grenada, Mississippi. Lewis asked Sandra Cummings, the only employee working at the time, for a bottle of liquor. Sandra was not familiar with Lewis's requested brand, so Lewis left the store.
¶ 3. Between three and five minutes later, Edwin Sims entered the liquor store. At the time, Sims wore a bandana over his face and an orange hooded jacket. Sims threatened Sandra with a box cutter and demanded money from the cash register. Sims took $349, but dropped $60 as he left the store. Surveillance cameras recorded the entire event.
¶ 4. Sims left the store, got in Lewis's car, and he and Lewis left. Meanwhile, Sandra called 911 and reported the robbery. Sandra described Lewis, Sims, and Lewis's car. Officer Paul Bennet, of the Grenada Police Department, responded. Officer Bennet attempted to find Lewis and Sims. Officer Bennet found Lewis and Sims and attempted to stop them. While Lewis did not stop initially, Officer Bennet, with backup, ultimately stopped Lewis.
¶ 5. Officer Bennet searched Lewis, Sims, and Lewis's car. Those searches produced Sims's bandana and hooded sweatshirt, and Sims's box cutter. Additionally, the searches produced a twenty dollar bill, found on the front seat of Lewis's car, $188 found in Sims's pants, and sixty dollars found in the hooded jacket  a total of $268. At trial, Lewis claimed he did not know Sims planned to rob the store. Further, Lewis claimed that he did not know Sims robbed the store until he was pulled over. However, the State presented *777 evidence that Lewis acted as Sims's accomplice. The jury weighed the conflicting evidence and found Lewis guilty of armed robbery. On appeal, Lewis attacks both the weight and the sufficiency of the State's evidence.

ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL.
¶ 6. In this issue, Lewis claims the circuit court erred when it overruled his motion for a new trial. By his motion for a new trial, Lewis sought to vacate his conviction based on the weight, rather than the sufficiency of the evidence. Verner v. State, 812 So.2d 1147(¶ 6) (Miss.Ct.App.2002). As we review the circuit court's decision, we are mindful of our standard of review. "A motion for a new trial is addressed to the trial court's sound discretion." Fleming v. State, 732 So.2d 172(¶ 37) (Miss.1999). We may only reverse the circuit court's decision when we are convinced that the circuit court abused its discretion when it overruled Lewis's motion for a new trial. Smith v. State, 868 So.2d 1048(¶ 11) (Miss.Ct.App.2004). That is, "[t]his Court will not reverse a guilty verdict unless the failure to do so would endorse an unconscionable injustice." Verner, 812 So.2d at (¶ 6). "Any less stringent rule would denigrate the jury's constitutional power and responsibility in our criminal justice system." Fleming, 732 So.2d at (¶ 38). To that end, we may not re-weigh the evidence or decide the issue based on our impression of witness credibility. Smith, 868 So.2d at (¶ 11). Rather, "this Court must consider all the evidence, not just that supporting the case for the prosecution, in the light most consistent with the verdict, and give the State all favorable inferences which may be drawn from that evidence." Fleming, 732 So.2d at (¶ 38).
¶ 7. According to Lewis, the State failed to present any credible evidence that Lewis participated in the liquor store robbery. Though Sims's testimony connected Lewis to the robbery, Lewis dismisses Sims's testimony and argues that Sims's testimony lacked credibility. To demonstrate Sims's lack of credibility, Lewis draws attention to Sims's inconsistent statements: (1) Sims claimed he had never been in the liquor store; (2) Sims said there were other people in the car with Lewis; (3) Sims told Detective George Douglas that he got out of Lewis's car at a shoe store before Lewis went to the liquor store; (4) Sims also told Detective Douglas that a third person put the hooded sweatshirt and bandana in Lewis's car and then took off running and (5) Sims said he did not use a box cutter to rob the liquor store.
¶ 8. Lewis also claims Sims had a motive to lie. Lewis explains that Sims pled guilty to armed robbery one week before he testified against Lewis. According to Lewis, despite Sims's plea, the district attorney's office postponed Sims's sentencing until after Lewis's trial. Lewis concludes that Sims fabricated his testimony against him because Sims knew he would get a harsher sentence if his testimony did not please the district attorney.
¶ 9. However, Lewis admitted that he had a crack pipe and that he needed money to buy crack. The jury could conclude that Lewis, unemployed and broke, committed armed robbery to get the money he needed. And though Lewis claims Sims's testimony is unreliable, only the jury could determine whether they believed Sims. "Matters regarding the credibility and weight to be accorded the evidence are to be resolved by the jury." Verner, 812 So.2d at (¶ 7). "Where *778 there is conflicting testimony, the jury is the judge of the credibility of the witnesses." Bessent v. State, 808 So.2d 979(¶ 21) (Miss.Ct.App.2001). Even the testimony of a single uncorroborated witness can sustain a conviction even though there may be more than one witness testifying to the contrary. Verner, 812 So.2d at (¶ 7).
¶ 10. The jury had reason to believe Sims because Lewis's conduct corroborated Sims's testimony. Lewis drove Sims to the liquor store. Lewis checked out the liquor store to see if Sims could rob it. Sandra identified Lewis as the man who entered the store shortly before Sims robbed her. Sandra identified Lewis as the driver of the car. Initially, Lewis did not stop when police tried to pull him over.
¶ 11. Lewis's main argument is that Sims is not a credible witness; therefore, the jury could not have found, beyond a reasonable doubt, that Lewis helped Sims commit armed robbery. Lewis's opinion of Sims's credibility is of no consequence. Accordingly, we affirm the circuit court's decision.

II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING APPELLANTS MOTION FOR A DIRECTED VERDICT AND MOTION FOR JUDGEMENT [SIC] NOTWITHSTANDING THE VERDICT.
¶ 12. In this issue, Lewis challenges the circuit court's decision to overrule his motion for judgment notwithstanding the verdict, as well as the circuit court's decision to deny his motion for a directed verdict. A motion for a directed verdict or a motion for judgment notwithstanding the verdict challenges the sufficiency of evidence supporting a guilty verdict. Verner, 812 So.2d at (¶ 5). A motion for a judgment notwithstanding the verdict essentially asks the court to hold, as a matter of law, that the verdict of the jury may not stand. Hughes v. State, 724 So.2d 893(¶ 13) (Miss.1998). "In judging the sufficiency of the evidence on a motion for a directed verdict, peremptory instruction, or judgment notwithstanding the verdict, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant." Fleming, 732 So.2d at (¶ 33).
When reviewing the sufficiency of the evidence, this Court looks at the lower court's ruling on the most recent occasion when such sufficiency was challenged. Id. at (¶ 34). This Court will reverse only in cases where, with respect to at least one of the elements of the offense charged, no reasonable juror could find beyond a reasonable doubt that the defendant was guilty. Verner, 812 So.2d at (¶ 5).
¶ 13. Lewis repeats his argument from issue one, above. Again, Lewis argues that Sims's testimony was not credible. As we held before, "[m]atters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury." Fleming v. State, 732 So.2d at (¶ 34). Further, consideration of inconsistencies and contradictions in testimony is a question for the jury. Id. It does not matter whether this Court is convinced beyond a reasonable doubt of the defendant's guilt. Id. Likewise, we affirm.
¶ 14. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE GRENADA COUNTY.
*779 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.