973 So.2d 1044 (2008)
Joel David ANDERSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00223-COA.
Court of Appeals of Mississippi.
January 29, 2008.
*1045 Leslie S. Lee, Jackson, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. Following a jury trial in Webster County Circuit Court, the appellant, Joel David Anderson, was convicted of possession of precursor chemicals and sentenced to thirty years, with five years suspended and five years of supervised probation. On appeal, Anderson argues that the trial court erred in denying his motions for a directed verdict, for a judgment notwithstanding the verdict, and for a new trial.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On July 15, 2005, Officer Mike Perrigan, a probation and parole officer for the Mississippi Department of Corrections, received a report that Ken Smith was in possession of a gun in violation of his probation. Officers went to Smith's residence in Webster County, Mississippi, to investigate, but Smith was not there. Smith's girlfriend, Carol Cooksey, told the officers that Smith was at his shop working on a tractor. Cooksey allowed the officers into the residence, where they noticed marijuana and paraphernalia for using methamphetamine. Cooksey informed the officers that there were more illegal drugs in the house and showed the drugs to the officers.
¶ 4. With the information of Smith's whereabouts, the officers from the Webster County Sheriffs Department, along with Officer Perrigan and Mike Perkins, an agent with the Bureau of Narcotics, went to Smith's shop. Upon their arrival, they discovered that the only vehicle at the shop belonged to Smith. Officers knocked on the doors to the shop for approximately five to ten minutes before the sheriff used the PA system on his truck to announce their presence. It then took at least another five minutes for Smith and Anderson to eventually exit the shop. The officers asked Smith if he had a gun, and he told them he had several inside the shop.
¶ 5. Officer Perrigan entered the shop and found several of the guns in plain view, including a loaded shotgun a foot or two inside the door. Perrigan noticed a strong chemical smell, which based on his past experience investigating methamphetamine labs, he associated with the manufacture of methamphetamine. In addition to the smell, the officers also saw tubes running from under a quilt or blanket. After removing the blanket, the officers discovered that it had been covering parts *1046 of a methamphetamine lab. The officers found the following items used to manufacture methamphetamine: burned aluminum foil, a can of starting fluid, a five-gallon bucket containing peeled lithium batteries, Ephedrine pills soaking in liquid in a Mason jar, PVC pipe, hoses, ammonia nitrate, a Heet gas line treatment containing methanol, and Red Devil lye. According to Wes Stapp, an agent with the Bureau of Narcotics, Smith and Anderson had everything necessary to manufacture methamphetamine. Agent Stapp also stated that there was a monitor set up in the shop that connected to security cameras outside. Smith and Anderson were subsequently arrested and indicted for unlawful possession of precursor chemicals.
¶ 6. Smith testified at trial that Anderson taught him how to cook methamphetamine and that Anderson was at the shop to cook methamphetamine With him. Smith also testified that all the precursor materials discovered at the shop did not belong to him. In exchange for his testimony, Smith hoped to receive favorable treatment from the district attorney regarding the charges pending against him. At the time of his arrest, Smith was on probation for his conviction of false pretenses.

STANDARD OF REVIEW
¶ 7. An appellate court will reverse a trial court's denial of a motion for new trial when it amounts to an abuse of discretion, and it is not so contrary to, the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Ivy v. State, 949 So.2d 748, 753(¶ 21) (Miss.2007). The denial of a motion for directed verdict or a motion for a judgment notwithstanding the verdict is reviewed de novo. White v. Stewman, 932 So.2d 27, 32(¶ 10) (Miss.2006).

ANALYSIS, OF ISSUES
¶ 8. Anderson's argument on appeal is based on the fact that none of the drugs or precursor chemicals were actually found on him. The methamphetamine lab in the shop was covered by a quilt or blanket. Combined with the fact that the officers previously found drugs at Smith's residence, Anderson contends that the evidence points only to Smith, not to him.
¶ 9. In reviewing a trial court's denial of a motion for a directed verdict or a judgment notwithstanding the verdict, we must look at the sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843(¶ 15) (Miss.2005). We will ask whether the evidence shows "beyond a reasonable doubt that [the] accused committed the act charged and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test[,] it is insufficient to support a conviction." Id. at 843(¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Taking the evidence in the light most favorable to the verdict, we must consider whether a rational trier of fact could have found all the elements of the crime beyond a reasonable doubt. Bush, 895 Sold at 844(¶ 16) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 10. A motion for a new trial is based on the weight of the evidence and will be disturbed only when the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush, 895 So.2d at 844(¶ 18). When reviewing a denial of a motion for a new trial, we take the evidence in a light most favorable to the verdict. Id. Such a motion is within the discretion of the court, "which should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." Id. *1047 (quoting Amiker v. Drugs for Less, Inc., 796 So.2d 942, 947(¶ 18) (Miss.2000)).
¶ 11. The statute prohibiting the unlawful possession of precursor chemicals is found at Mississippi Code Annotated section 41-29-313(1)(a)(ii) (Rev.2005). Section 41-29-313(a)(ii) provides:
(1)(a) [I]t is unlawful for any person to knowingly or intentionally:
(ii) Purchase, possess, transfer, manufacture, attempt to manufacture or distribute any two (2) or more of the listed precursor chemicals or drugs in any amount, knowing, or under circumstances where one reasonably should know, that the listed precursor chemical or drug will be used to unlawfully manufacture a controlled substance.
The State is required to prove each element of the indicted offense beyond a reasonable doubt. Hobson v. State, 730 So.2d 20, 28(¶ 29) (Miss.1998).
¶ 12. In reviewing the evidence, this Court will accept as true the evidence that supports the verdict and will reverse only when convinced that the circuit court abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998); Smith v. State, 868 So.2d 1048, 1050(¶ 11) (Miss.Ct.App.2004). It is the responsibility of the jury to weigh and consider the conflicting evidence and evaluate the credibility of witnesses and determine which testimony is to be believed. Williams v. State, 427 So.2d 100, 104 (Miss.1983).
¶ 13. The indictment charged that Anderson "did unlawfully, feloniously and knowingly or intentionally purchase, possess, transfer or distribute any two or more of the listed precursor chemicals or drugs . . . to wit: Ethanol, Methanol, Ephedrine/Pseudoephedrine, Ammonium Nitrate, Sodium Hydroxide, hexanes, heptane, toluene, and Lithium. . . ."
¶ 14. In this case, the jury had before it Smith's testimony that Anderson was an active participant in the making of methamphetamine. Smith also testified that all the materials did not belong to him. The State presented the precursor chemicals they recovered, and the officers testified that Anderson was in the shop with the precursors. There was also a very strong chemical smell that indicated that Smith and Anderson were manufacturing methamphetamine, and there was a security camera linked to a monitor in the shop.
¶ 15. Anderson rested without putting on any evidenced therefore, the jury had before it only the evidence from Smith that Anderson was an active participant in the methamphetamine lab. Because Anderson did not testify or put on any evidence, there was no contradictory evidence presented.
¶ 16. From the evidence presented at trial, the jury could have found all the necessary elements of the crime beyond a reasonable doubt. Therefore, we do not find the verdict to be overwhelmingly against the weight of the evidence. We find that the trial court properly denied the post-trial motions and affirm the court's judgment of conviction and sentence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY OF CONVICTION OF UNLAWFUL POSSESSION OF PRECURSOR CHEMICALS AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND FIVE YEARS PROBATION AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
*1048 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.