IRVING, J.,
for the Court:
¶ 1. Joseph Earl Bell was convicted by a Harrison County jury of the transfer of a controlled substance. He was sentenced to serve five years in the custody of the Mississippi Department of Corrections. Aggrieved by the jury’s verdict, Bell appeals and raises the following issues: (1) whether the court erred in allowing the testimony of State’s witness Greg Conerly, and (2) whether there was reasonable doubt as to the identity of the person depicted in the videotape of the undereover transaction, thereby rendering the jury’s verdict against the overwhelming weight of the evidence.
¶ 2. We find no merit in any of Bell’s suggestions of error; therefore, we affirm his conviction and sentence.
FACTS
¶ 3. On July 26, 2000, Walter Griffin, an officer with the Coastal Narcotics Enforcement Task Force (CNET), was engaged in an undercover narcotics operation on the streets of Gulfport. Officer Griffin was provided a car equipped with a concealed surveillance camera, a radio, and a microphone to obtain evidence of illegal drug sales.
¶ 4. While driving around the city looking for drugs, Officer Griffin came in contact with Alton Brown.[1] When the officer inquired as to where he could get crack cocaine, Brown got into Officer Griffin’s vehicle and took him to an area where he could make a purchase. After arriving at their destination, Brown exited the car and spoke with Bell, while Officer Griffin remained in the car. Shortly thereafter, both men returned to the car, and the officer purchased a rock-like substance for twenty dollars. Officer Griffin testified that during the transaction, Bell was less than two feet away from him; therefore, he was able to look directly at him. After leaving the area, Officer Griffin drove to a pre-arranged post-buy location and turned the substance, along with the videotape that recorded the entire incident, over to Agent Michael Burt who had been monitoring the transaction from a short distance away. A subsequent analysis performed on the substance revealed that it contained cocaine. Additional facts will be related during our discussion of the issues.
*32 DISCUSSION AND ANALYSIS OF THE ISSUES

(1) Greg Conerly’s Testimony

¶ 5. Bell first argues that the trial court erred in allowing the testimony of Officer Greg Conerly. Bell specifically contends that Conerly’s testimony resulted in a prejudicial inference that the officer had observed him [Bell] on a prior occasion engaging in narcotic sales.
¶ 6. The State, however, maintains that since the officer did not give specific details concerning his prior encounter with Bell, the court did not err in admitting the officer’s testimony. The State alternatively contends that even if the officer’s testimony was indeed improperly admitted, the error is harmless considering the overwhelming evidence against Bell.
¶7. At trial, Officer Conerly testified that he assisted in the surveillance of the undercover operation and had an opportunity to view the videotape of the transaction. When asked by the prosecution whether he was able to identify the individual on the tape after viewing it, Bell objected on the basis of “identification after the fact and not personal knowledge at the time the incident occurred [in] July, 2000.” Thereafter, the following exchange occurred:
Q: Did you recognize the person making the transaction from the video or did you recognize him from other—
A: I recognized the person on the video from a previous encounter.
Q: From a previous encounter—
BY MR. COZART: Your honor, we object to this testimony based on the grounds that we have previously stated.
The judge overruled the objection, and Officer Conerly testified that after viewing the videotape, he was able to identify Bell as the person making the transaction. However, later, on cross-examination, the officer testified that he did not know Bell’s identity on the date of the undercover operation. At the conclusion of the cross-examination, the trial judge conducted an extensive examination of the witness outside the presence of the jury in an attempt to ascertain the actual date of Bell’s identification. After the court concluded its examination, it extended an opportunity to Bell’s attorney to question the witness further in the same manner in the presence of the jury.[2] Defense counsel declined, but requested a limiting instruction be given cautioning the jury not to consider any other incidents.[3]
¶ 8. A thorough review of the record reveals that the trial judge did not abuse his discretion in allowing Officer Coneriy’s testimony. The admission of testimony is within the sound discretion of the trial court. Roberts v. Grafe Auto Co., Inc., 701 So.2d 1093, 1098 (Miss.1997). Unless we conclude that the discretion was arbitrary and clearly erroneous, the decision will stand. Id. (citing Seal v. Miller, 605 So.2d 240, 243 (Miss.1992)). As noted by the State, Officer Conerly did not go into specific details in front of the jury concerning the nature of his previous encounter with Bell. Further, although it is unclear from the record whether the limiting instruction was actually drafted and *33 submitted, the record does reveal that Bell’s attorney submitted an instruction on identification testimony, and the jury was instructed as to such. Finally, Bell’s attorney declined the trial judge’s invitation to question Conerly further in the presence of the jury. Consequently, this assignment of error is without merit.

(2) Weight of Evidence

¶ 9. Bell next argues that the verdict was against the overwhelming weight of the evidence. He specifically challenges Officers Griffin’s' and Conerly’s testimony, and the quality of the videotape viewed by the jury. The State submits that the verdict was not contrary to the evidence because Bell’s identity was not established solely on the basis of the video but was corroborated by the in-court identification of Bell by several law enforcement officers involved in the transaction.
¶ 10. Our standard of review for claims that a conviction is against the overwhelming weight of the evidence or that the trial court erred in not granting a motion for a new trial has been stated as follows:
[This Court] must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.
Todd v. State, 806 So.2d 1086, 1090(¶ 11) (Miss.2001) (quoting Crawford v. State, 754 So.2d 1211, 1222(¶ 30) (Miss.2000)).
¶ 11. Here, the evidence presented to the jury included not only the testimony of Officer Griffin, the officer directly involved in the drug purchase, and Officers Burt and Conerly, the officers involved in the surveillance of the transaction, but also the captured images of the illegal transaction as it unfolded. Additionally, the State presented the testimony of Alison Smith with the Mississippi Crime' Laboratory, who testified that the substance sold to Officer Griffin contained crack cocaine. Therefore, considering the evidence presented by the State in support of Bell’s conviction, and its substantial weight against him, we are not persuaded that the verdict is contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice.
¶ 12. Finally, Bell contends that the videotape depicting the cocaine purchase was of poor quality because the seller’s face was not clearly visible. Bell maintains that as a result, there was . clear reasonable doubt as to the identity of the person depicted in the videotape. Whether Bell was one and the same person depicted in the videotape was a question for the jury. It was for the jury to determine if it had a reasonable doubt as to Bell’s identity. Obviously, the jury concluded that Bell was the individual on the tape. This conclusion is supported by the evidence. Officer Griffin identified Bell as the person on the tape. The officer also testified that, he was able to look directly at Bell because Bell was less than two feet away from him during the transaction. Consequently, we find the trial court did not abuse its discretion in denying Bell’s motion for a new trial.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF THE TRANSFER OF A CONTROLLED SUBSTANCE. AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
*34 KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.

. Brown was co-indicted with Bell but is not involved in this appeal.

. The trial judge determined that when Con-erly stated that he recognized Bell from a "previous encounter,” the officer meant that he recognized Bell from an encounter that occurred prior to the date of the trial, and not prior to July 26, the date of the undercover operation.

. The judge instructed Bell's attorney to draft the requested limiting instruction and submit it to the court at the appropriate time.