# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00898-COA

**GREGORY LORENZO PRITCHETT A/K/A**                              **APPELLANT**
**GREGORY PRITCHETT A/K/A GREGORY L.**
**PRITCHETT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2015 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF SALE OF COCAINE AND SENTENCED AS A SUBSEQUENT DRUG OFFENDER TO SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE |
| DISPOSITION: | AFFIRMED: 09/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Gregory Lorenzo Pritchett appeals his conviction of the sale of less than two grams

of cocaine in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2015).

Pritchett claims the Harrison County Circuit Court erred in allowing the State to present

evidence of a prior conviction in order to show his intent. Because the record supports the trial court's finding that the prior conviction was admissible in a limited capacity, we affirm the trial court's judgment.

FACTS

¶2. In May 2014, the Biloxi Police Department conducted multiple undercover drug purchases as part of a drug interdiction sting. On May 30, 2014, Officer Tiffany Menotti traveled undercover to a house at 268 Brown Street, where she contacted Pritchett, whom she recognized from a previous undercover drug purchase at the same house. Pritchett asked Officer Menotti if she smoked "hard," which she knew to mean crack cocaine. Officer Menotti responded that she did not, but she was looking to purchase some for her husband. Officer Menotti and Pritchett agreed upon a price of forty dollars for two rocks of what she believed to be crack cocaine. Officer Menotti paid Pritchett, took the two rocks, and left 268 Brown Street.

¶3. Pritchett was indicted on November 17, 2014, for the sale or transfer of less than two grams of cocaine in violation of section 41-29-139(a)(1). The indictment also alleged that Pritchett was eligible for enhanced sentencing as a subsequent drug offender as set forth in Mississippi Code Annotated section 41-29-147 (Supp. 2015). Pritchett had fourteen prior felony convictions, nine of which were for the sale or transfer of a controlled substance.

¶4. On April 21, 2015, the State notified Pritchett that it intended to introduce his prior convictions during its case-in-chief pursuant to Mississippi Rule of Evidence 404(b). Pritchett filed a motion in limine and a motion to suppress, requesting that any prior

convictions not be admitted as evidence at trial.

¶5. After conducting a hearing on the evidentiary issues, the trial judge allowed the State to introduce the prior conviction from 2002 for the limited purpose of proving that Pritchett intended to transfer a controlled substance. The trial judge also allowed testimony from Officer Menotti regarding two of her prior encounters with Pritchett, but only to state that she had seen Pritchett before at 268 Brown Street.

¶6. At trial, the jury found Pritchett guilty of the transfer of a controlled substance. Due to his prior convictions, Pritchett was subject to an enhanced sentencing as a subsequent drug offender. The trial court sentenced Pritchett to sixteen years in the custody of the Mississippi Department of Corrections, without the possibility of parole or probation. After trial, Pritchett filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV) and a pro se motion for reconsideration of his sentence. The trial court denied these motions. Pritchett now appeals.

STANDARD OF REVIEW

¶7. "The standard of review regarding the admission or exclusion of evidence is abuse of discretion." *Terrell v. State*, 952 So. 2d 998, 1005 (¶31) (Miss. Ct. App. 2006) (citing *Burton v. State*, 875 So. 2d 1120, 1122 (¶6) (Miss. Ct. App. 2004)). "Abuse of discretion will only be found where a defendant shows clear prejudice from an undue lack of constraint on the prosecution or undue constraint on the defense." *Id*. The Mississippi Supreme Court has held that even if error occurs, the judgment is not reversed unless "the error adversely affects a substantial right of the party." *Cole v. State*, 126 So. 3d 880, 883 (¶13) (Miss. 2013).

3

Furthermore, trial judges are afforded a high level of discretion as to the relevancy and admissibility of evidence. *Id*.

## ANALYSIS

¶8.     Pritchett argues that the trial court erred when it allowed the State to introduce his prior conviction from 2002 for transfer of a controlled substance. Pritchett also contends that it was error to allow Officer Menotti to testify about a prior encounter with Pritchett at 268 Brown Street.

> I.     *Whether the trial court erred in permitting evidence of Pritchett's prior drug conviction.*

¶9.     Pritchett asserts that the trial court erred in allowing the jury to hear information about a prior conviction. Pritchett was previously convicted of transfer of a controlled substance on March 11, 2002. He claims that the prior conviction was irrelevant and served only to prejudice the jury against him. The State responds that the trial court properly found that the prior conviction could be admitted into evidence for a limited purpose under Rule 404(b), which states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. *It may, however, be admissible for other purposes such as . . . intent*, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis added).

¶10.     Generally, information about a defendant's past convictions is inadmissable to prevent the inference that because the accused has committed other crimes, he is likely guilty of the offense charged. *White v. State*, 842 So. 2d 565, 573 (¶24) (Miss. 2013). However, if there is a valid alternative purpose for the evidence, it may be introduced subject to analysis under

4

Mississippi Rule of Evidence 403. Rule 403 requires a judge to balance the probative value of the potential evidence against the prejudice that would be incurred if the evidence were admitted. *White,* 842 So. 2d at 573 (¶25). If a trial judge determines the probative value outweighs the prejudicial effect, the evidence will be admitted, provided the jury is given a limiting instruction regarding the evidence in question. *Id.* "The evidence offered must (1) be relevant to prove a material issue other than the defendant's character, and (2) the probative value of the evidence must outweigh the prejudicial effect." *Davis v. State*, 40 So. 3d 525, 530 (¶16) (Miss. 2010). Rule 403 does not mandate exclusion of potentially prejudicial evidence, but rather provides that the evidence may be excluded. *Jones v. State*, 904 So. 2d 149, 152 (¶7) (Miss. 2005).

¶11. The trial court addressed the prior-conviction evidence in the pretrial motion hearings and conducted the proper Rule 403 balancing test. The State argues it was proper to introduce the evidence in a very limited capacity, stating simply that Pritchett had a prior conviction for the exact same crime, which shows that he possessed the required intent to transfer a controlled substance. The trial court also instructed the jury that Pritchett's prior conviction could not be used to ascertain his guilt in this case.

¶12. Additionally, this Court has held that erroneous admissions of prior convictions constitute harmless error where the same result would have been reached without the challenged convictions. *McDonald v. State*, 130 So. 3d 102, 111 (¶28) (Miss. Ct. App. 2013). The evidence of Pritchett's guilt was extensive and included police eyewitness testimony and audio recordings of the transaction. Thus, even if an error occurred, the error

5

was harmless.  The Court finds that the trial court did not abuse its discretion in admitting the evidence of Pritchett's prior conviction.  This issue is without merit.

> II.      *Whether the trial court erred in allowing testimony about Pritchett's previous encounter with Officer Menotti.*

¶13.    Pritchett further contends that the trial court erroneously permitted testimony from Officer Menotti regarding her previous encounter with Pritchett.  Officer Menotti testified at trial about a prior encounter with Pritchett at 268 Brown Street on May 12, 2014.  Pritchett objected and claimed Officer Menotti's testimony would unduly prejudice the jury against him and allow them to hear testimony of multiple encounters ending in the sale of cocaine, which would result in him being tried for two separate crimes.

¶14.    This Court has held that the admission of testimony by a police officer of prior encounters unrelated to the charge of transfer of a controlled substance was not an abuse of discretion.  *Bell v. State*, 906 So. 2d 30, 32-33 (¶8) (Miss. Ct. App. 2004).  Officer Menotti did not go into detail about her prior encounter with Pritchett on May 12.  She simply stated that she knew Pritchett because she previously encountered him at 268 Brown Street on May 12, 2014.  Additionally, the supreme court has held that "[r]epeated sales of narcotics in a short span of time have been held to constitute part of a common scheme or plan under the applicable statute."  *Watkins v. State*, 874 So. 2d 486, 490 (¶19) (Miss. Ct. App. 2004) (citing *Ott v. State*, 722 So. 2d 576, 581 (¶23) (Miss. 1998)).  As such, this Court finds the trial court properly admitted Officer Menotti's testimony regarding her previous encounter with Pritchett.  This issue is without merit.

¶15.    **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY,**

**SECOND JUDICIAL DISTRICT, OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE AS A SUBSEQUENT DRUG OFFENDER OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**