# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00188-COA

**MARQUIS D. SAUNDERS A/K/A MARQUIS**
**SAUNDERS A/K/A MARQUISE D. SAUNDERS**
**A/K/A MARQUISE SAUNDERS**
        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**
        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2017 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/10/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Marquis Saunders was convicted of one count of first-degree murder and one count of car theft in the Second Judicial District of Harrison County. He was sentenced to life in prison for the murder conviction and five years for car theft, with the sentences to run concurrently. Saunders filed a motion for a judgment notwithstanding the verdict (JNOV), or for a new trial, which the circuit court denied. Saunders now appeals. After review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     After living in New York, Saunders moved to D'Iberville, Mississippi to stay with his girlfriend, Shantile Torres, and her daughter.[1]  Shantile and her daughter lived with Jamel Jones and his wife Maxine for four months prior to Saunders moving in with them. Testimony presented at trial stated that Saunders and Jones had an amicable relationship and that they never had any arguments or disagreements.

¶3.     On the morning of January 31, 2015, Jones took Maxine to work in a white 2004 Ford Explorer SUV that the couple shared.  Jones's daughter Starquasha Colon testified that she was supposed to ride with Jones to the store, but he left her.  Shortly after Jones left their home, Colon testified that she heard what sounded like gunshots.  Colon stated that she attempted to contact her father after hearing gunshots, but he did not answer her calls.

¶4.     Colon stated that she went outside after hearing a commotion.  Torres's daughter exclaimed that Saunders shot Jones.  Colon shortly found her father lying face-down on the ground in blood.  The autopsy revealed that Jones's cause of death was multiple gunshot wounds.  Colon also testified that she noticed the family's white SUV was gone.

¶5.     Several neighbors testified that they heard about five or six gunshots that day.  O.V. Smith stated that he actually saw Saunders fire two shots at Jones and then drive away in the family's white SUV.  Approximately thirty minutes after the shooting, law enforcement officers found Saunders driving Jones's 2004 Ford Explorer.  No gun ever was retrieved from the SUV; however, Saunders's hands tested positive for gunshot residue.

¶6.     Following a trial, Saunders was found guilty of one count of first-degree murder and

_____

[1] The record reflects that Shantile also was called "Shantike" by certain members of her family.

one count of car theft. He was sentenced to life in prison for murder and five years for his car theft conviction. The trial court ordered the sentences to run concurrently. Saunders filed a JNOV motion, or for a new trial, which the trial court denied. Saunders now appeals.

**STANDARD OF REVIEW**

¶7. "The standard of review for a denial of a motion for a JNOV is de novo." *Bryant v. State*, 151 So. 3d 1025, 1029 (¶13) (Miss. Ct. App. 2014). "The Mississippi Supreme Court has stated this Court will affirm the denial of a motion for [a] JNOV if there is substantial evidence to support the verdict." *Id*. (quotation marks omitted).

¶8. Further, "[t]he standard of review regarding the admission or exclusion of evidence is abuse of discretion." *Pritchett v. State*, 201 So. 3d 1095, 1097 (¶7) (Miss. Ct. App. 2016) (citations omitted). "Abuse of discretion will only be found where a defendant shows clear prejudice from an undue lack of constraint on the prosecution or undue constraint on the defense." *Id*. "Furthermore, trial judges are afforded a high level of discretion as to the relevancy and admissibility of evidence." *Id*.

**DISCUSSION**

**Whether Exhibit S-23 was properly admitted.**

*A.    Authentication*

¶9. Saunders asserts that the trial court erred in admitting Exhibit S-23, a screenshot of a single text message[2] found on a phone in Saunders's possession at the time of his arrest. Saunders asserts that this exhibit violated Mississippi Rule of Evidence 901, which requires

---

[2] The text message actually read: "Greyhound Biloxi, MS, to Albany, NY, 232.50 10 am Sunday the 1st day of February 2015." (Exhibit S-23).

authentication or identification as a condition precedent to admissibility.

¶10.    "Under Mississippi Rule of Evidence 901, the authentication requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Smith v. State*, 136 So. 3d 424, 432 (¶18) (Miss. 2014) (quotation marks omitted) (quoting M.R.E. 901(a)).  "Authentication is a condition precedent to admissibility." *Id*. Moreover, "[a] party must make a prima facie showing of authenticity, and then the evidence goes to the jury, which ultimately will determine the evidence's authenticity." *Id*.

¶11.    Officer Michele Carbine, who was an investigator with the D'Iberville Police Department during that time, testified that she was present when Inspector Galloway recovered 2 phones and took the screenshot of the text message.  One was a T-Mobile flip phone and the other was a Samsung phone.  Officer Carbine testified that the screenshot was taken from the Samsung phone and she was able to determine that the cell phone belonged to Shantile.

¶12.    The Mississippi Supreme Court has held that "[a] text message emanate[d] from a cell phone number assigned to the purported author . . . has not typically been regarded as sufficient to support a finding of authenticity." *Smith*, 136 So. 3d at 433 (¶20) (citing *Tienda v. State*, 358 S.W.3d 633 (Tex. Crim. App. 2012)).  Further, the *Smith* court held that this circumstance, "without more, has [not] typically been regarded as sufficient to support a finding of authenticity." *Id*.  However, the State offered sufficient evidence to demonstrate the text message's authenticity.

¶13.    The evidence presented at trial demonstrated that the phone was recovered from a vehicle last seen driven by Saunders.  In *Walters v. State*, 206 So. 3d 524, 535 (¶32) (Miss.

4

2016), our supreme court held that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See also* M.R.E. 901(a). Further, "[a] party need only make a prima facie showing of authenticity, not a full argument on admissibility." *Id*.

¶14. Although Saunders objected to the admission of the screenshot, Saunders did not offer any testimony to rebut the authenticity of the message on the screenshot or the owner of the phone. Additionally, Saunders asserted Officer Carbine could testify as to the owner of the phone once the State laid the proper foundation. Furthermore, Saunders did not object when Officer Carbine testified that she was able to determine that the phone found shared the same number as the number registered to Shantile.

¶15. Moreover, "[o]nce a prima facie case is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court." *Id*. Therefore, we find that the State made a prima facie showing through Officer Carbine's testimony that the screenshot from the phone was authentic.

   B.    *Hearsay*

¶16. Saunders further asserts that the State's introduction of Officer Carbine's testimony regarding the screenshot of the text message contained inadmissible hearsay. "Hearsay is 'a statement that . . . the declarant does not make while testifying at the current trial or hearing, and a party offers in evidence to prove the truth of the matter asserted in the statement.'" *Jefferson v. State*, 214 So. 3d 1071, 1077 (¶18) (Miss. Ct. App. 2016) (citing M.R.E. 801(c)).

¶17. Saunders asserts that Officer Carbine was allowed to testify to the content of the text

message which contained out-of-court statements made by individuals other than Officer Carbine. We disagree.

¶18. At trial, Saunders objected to the introduction of Exhibit S-23. In return, the trial court overruled the objection after the State agreed to not ask Officer Carbine about the content of the text message. However, when Officer Carbine testified about the information regarding the greyhound bus ticket, Saunders did not object. "The failure to make a contemporaneous objection waives the issue on direct appeal." *Weems v. State*, 63 So. 3d 579, 584 (¶12) (Miss. Ct. App. 2010) (citing *Wells v. State*, 698 So. 2d 497, 514 (Miss. 1997)).

¶19. Procedural bar notwithstanding, Officer Carbine only testified that she was present when Investigator Galloway took the screenshot and why the screenshot was taken in the first place. Furthermore, S-23 was the picture of the message. Saunders had the opportunity to cross examine Officer Carbine regarding her statement and the text message. Accordingly, we find this issue is without merit.

¶20. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, GREENLEE AND TINDELL, JJ., CONCUR. BARNES AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**